## SMITH v. ANTHONY.

1. A plaintiff, on an appeal to the circuit court from a justice of the peace, cannot amend or alter his cause of action, after the appeal is filed in the circuit court.

2. *Quere.* In an appeal from a justice of the peace to the circuit court, would the plaintiff be entitled to a bill of discovery, the suit not having originated in a *court of record?* He is certainly not entitled to a discovery of matters *immaterial* to the issue, in any case.

3. In an action on a guaranty, wherein defendant wrote to plaintiff "that B. would call on him to purchase a horse, and if he sold, he must take B's note, and he (defendant) would be responsible for the payment on his (B's) return;" plaintiff must prove that he gave defendant notice that he had sold on the faith of the guaranty, and that he looked to him for payment.

*Scott & Ziegler,* counsel for appellant:

Points in the case.—1. Can a plaintiff amend his cause of action on an appeal from a justice of the peace, after the appeal is filed in the circuit court?

2. Can the plaintiff, on such amendment, increase, vary, or alter the nature or quantity of the demand?

3. Can the plaintiff below file a bill of discovery in cases originating before a justice of the peace, after the same is filed by appeal in the circuit court?

4. In all cases of suits on a guaranty, must not the plaintiff prove that the credit was given on the guaranty?

5. Must the plaintiff not prove that he gave the defendant notice that he had accepted the guaranty, before he can recover?

6. Is not the plaintiff bound to prove that he advanced the credit on the faith of the guaranty, and to what amount he held the defendant liable?

Rev. Code of 1635, p. 473, sec. 5; 2 vol. Mo. Rep. 11, Casey v. Clark; 2 vol. Mo. Rep. 12, Odle v. Clark; 3 vol. Mo. Rep. 55, Bartlet v. McDaniel; Rev. Code of 1835, p. 371, sec. 16; Rev. Code, p. 117, sec. 1, clause 2; Rev. Code of 1835, sec. 1, clause 2; 3 Kent's Com. 121–2; Stat. of 1835, p. 117, sec. 1, clause 2; 5 East's Rep. 10, Wayne v. Walters; 1 Mo. Rep. 535; 9 Cranch, 153; 2 Stark. Ev. 370–1; 2 Stark. Ev. 649; 1 Stark. Ca. 192; 2 Stark. Ev. 650; 2 Taunton, 206; 2 Stark. Ev. 649, note h.; 2 Stark. Ca. 371; 1 Stark. Ca. 10; 3 Wheat. 152, note of Wheaton; 4 John. Rep. 476; 10 John Rep. 180; 1 Maule & Selwyn, 557; 3 Wheat. 154, note of Wheaton; 7 Cranch, 69, 92; 2 Stark. Ev. 650, note 1; 7 Cranch, 69; 17 John. Rep. 134; 2 Stark. Ev. 650; 1 Mason's Rep. 323, 371; 16 John. Rep. 67; 2 Stark. Ev. 650, note 1; 3 Con. Rep. 438; 7 Peter's Rep. 113; 3 Kent's Com. 123–4, note b; 5 East's Rep. 10, Wayne v. Walters; 7 Peter's Rep. 113; 3 Kent's Com. 123–4, note b.

*P. Cole*, counsel for appellee:

The appellee relies upon the following points in support of the judgment:

1. There was a substantial performance of the contract as proposed by appellant, on the part of the appellee.

2. The contract was not complied with on the part of the appellant.

3. If errors have been committed by the circuit court, they are not prejudicial to appellant.

4. The verdict was warranted by the evidence—3 Kent, 121-2.

EDWARDS, Judge, delivered the opinion of the court.

In this case, Smith addressed the following letter to Anthony:

"Col. Wm. Anthony—Dear sir: Wm. Mitchell, jr., will probably call on you to purchase your horse, and should you conclude to sell, you can do so. Take his note, and I will be responsible for the payment on his return. Respectfully, Zenas Smith. Fredericktown, 20th November, 1833."

Anthony sold Mitchell his horse, and Mitchell carried him to Alabama and returned in "bad circumstances." Anthony sued Mitchell and recovered judgment, and took out execution, but found no effects to satisfy it. He then sued Smith, on the above guaranty, before a justice of the peace, and had judgment, from which Smith appealed to the circuit court. The circuit court permitted Anthony to file a bill of discovery, and compelled Smith to answer. On the trial, Anthony gave in evidence the above guaranty, the bill of discovery, and the answer; and proved by a witness that in November, 1833, Mitchell got two horses of Anthony—one a brown, valued at sixty-five dollars, and one a sorrel, valued at seventy dollars; that Mitchell received and took away the horses; that he went to Alabama to make sales; and that in about three months he returned without the horses, and in bad circumstances. Anthony had verdict and judgment, and Smith moved for a new trial, and alleged, among other reasons for granting it, "that there was no evidence that Anthony ever gave Smith notice that he had sold the horse to Mitchell on the guaranty, and looked to him for payment." This motion was overruled, and Smith appealed to this court.

Several points are made by the counsel for the appellant, some of which do not arise out of the record in the

A plaintiff, on an appeal to the circuit court from a

SEPT. TERM,
1838.

Smith
v.
Anthony.

justice of the
peace, cannot
amend or alter his
cause of action,
after the appeal is
filed in the circuit
court.

*Quere.* In an ap-
peal from a justice
of the peace to
the circuit court,
would the plaintiff
be entitled to a
bill of discovery,
the suit not hav-
ing originated in a
*court of record?* He
is certainly not
entitled to a dis-
covery of matters
*immaterial* to the
issue, in any case.

In an action on a
guaranty, where-
in defendant
wrote to plaintiff
"that B. would
call on him to pur-
chase a horse, and
if he sold, he must
take B's note, and
he (defendant)
would be respon-
sible for the pay-
ment on his (B's)
return;" plaintiff
must prove that
he gave defendant
notice that he had
sold on the faith
of the guaranty,

cause. It is first insisted that the plaintiff had no right
to amend his cause of action after the appeal was filed in
the circuit court. It does not appear that he did so; but
if the circuit court had permitted him to amend, by filing
a new cause of action, it would clearly have been error.
The statute provides, that "the same cause of action, and
no other, that was tried before the justice, shall be tried
in the circuit court upon the appeal; and no set-off shall
be pleaded in the circuit court that was not pleaded be-
fore the justice, if the summons was served on the per-
son of the defendant"—Rev. Code, 1835, 371, sec. 16.

The circuit court permitted the plaintiff to file a bill
of discovery in the cause, and required the defendant to
answer. The counsel for the appellant assign this for
error also, but do not insist upon it in argument. The
statute provides, that "either party to a suit in any *court
of record* shall be entitled to a discovery from the other
party, of all matters material to the issue in such suit, in
all cases where the same party would, by the rules of
equity, be entitled to the same discovery in a court of
equity in aid of such suit"—Rev. Code, 1835, 462, sec.
10. But whether a bill of discovery will or will not lie
in a case like the present, is a matter that will not now
be decided. To dispose of this cause it is sufficient to
decide that the matter here sought to be discovered—
that is, whether the defendant did not verbally guaranty
the payment for another horse than the one alluded to in
the above letter—is immaterial to the issue in this suit,
and, therefore, the defendant should not have been com-
pelled to answer. To entitle a party to a discovery, the
suit must be pending in a "court of record," and the matter
sought to be discovered must be "material to the issue."

It was not proved that Anthony ever gave Smith no-
tice that he had sold the horse to Mitchell on the guaran-
ty, and that he looked to Smith for payment. The coun-
sel for the appellant insist that this should have been pro-
ved, to entitle Anthony to recover, and that as it was
not proved, the court erred in overruling the motion for
a new trial.

"In an action brought upon a guaranty, unless the in-
strument given in evidence as such, purport to be an ab-
solute and conclusive engagement, the plaintiff must
show that he gave notice to the defendant that he accept-
ed it as such"—2 Stark. Evi. 371; 2 Con. Rep. 423. The
instrument here given in evidence, does not purport to
be an absolute and conclusive engagement, and Anthony
should, therefore, have notified Smith that he gave Mitch-

ell credit for the horse on the ground of the guaranty. This notice may have been necessary to enable Smith to regulate his conduct in regard to the payment of the debt; to prepare the funds for payment; to get the amount out of Mitchell, or, perhaps, to reserve a sum that may have been due from himself to Mitchell, and which, if ignorant of the acceptance of the guaranty by Anthony, he may have paid over to Mitchell. Notice of the acceptance of the guaranty should have been proven, and as it was not, the court erred in overruling the motion for a new trial. The judgment ought, therefore, to be reversed, and the other judges concurring, it is reversed, and the cause remanded.