F. MITCHELL & BRO., Plaintiffs in Error, v. JOSEPH
RAILTON, Defendant in Error.

Kansas City Court of Appeals, May 11, 1891.

45   273
78   675

45   273
81   399

45   273
86   519

45      273
93   ⁴242

1. **Guaranty**: PARTIES: GENERAL RULE: CONSTRUCTION: EVI-
DENCE. The general rule is that a guaranty, when addressed to a
particular party, can only be acted upon and enforced by such
party. The guarantor will not be held to answer except upon the
strict terms of his obligation, which will not be extended by con-
struction or implication beyond the precise terms of the instru-
ment of guaranty ; and, when that is free from ambiguity, it is
the sole criterion to fix the limits of his engagement.

2. ———— : ———— : CONSTRUCTION : PAROL EVIDENCE. In construing
a contract of guaranty as in all other contracts the intention of
the parties as disclosed by the instrument read in the light of the
surrounding circumstances should prevail; and so it may be
shown by parol evidence that an instrument addressed to S. was
intended to guarantee the firm of which he was the agent.

3. ———— : ———— : UNDISCLOSED PRINCIPAL. Where the guaranty is
addressed to the agent, it must appear that the guarantor knew of
the principal and intended the guaranty for the security of the
principal.

4. ———— : NOTICE OF ACCEPTANCE. Where ʃone binds himself to
answer for the contract of another already entered into, of which
he, the guarantor, had knowledge, then no notice of the accept-
ance is necessary. In cases of general letters of credit, or in cases
of guaranty directed to particular individuals, offering to become
responsible for a credit which may or may not be given to
another, at the option of the party to whom the application for
credit is made, the rule is that the guarantor must, within a reason-
able time, be notified of the acceptance of the guaranty. Such notice
need not be in writing, nor be given, when acceptance is contem-
poraneous with the guaranty to the knowledge of the guarantor.

5. **Parties**: PARTNERSHIP : PRACTICE. The members of a partner-
ship are the real parties in interest, and the action should be
brought in their individual names. Where no objection is made
to bringing the action in the partnership name, such defect is
waived.

VOL. 45—18

6.   **Trial Practice:** PROOF OF PARTNERSHIP. If the defendant desires to put the fact of partnership in issue, he should file an affidavit denying the partnership, and, in the absence of such affidavit, the failure of plaintiffs to prove the partnership will not warrant a peremptory instruction for the defendant.

7.   **Guaranty:** PARTY RECEIVING CREDIT ACTING FOR ANOTHER. The fact that the party named in the guaranty, a married woman, to whom the credit is extended, was, in fact, acting for her husband in the purchase of goods cannot affect an action on the guaranty.

*Appeal from the Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED AND REMANDED.

*F. E. Luckett* and *Silver & Brown*, for plaintiffs in error.

(1) The court erred in excluding the guaranty writing. The fact that it was addressed to Story did not constitute a sufficient ground for its exclusion.   A.n undisclosed principal can sue in his own name. *Bank v. Jennings*, 18 Mo. App. 651, 658; *Briggs v. Munchon*, 56 Mo. 467, 473; *Higgins v. Senior*, 8 Mees. & Wells. 844; Wharton on Agency, secs. 403, 404, 409; Elwell's Evans' Agency, 396; Pomeroy on Remedies & Remedial Rights, secs. 141, 177; *Ferris v. Thaw*, 72 Mo. 446.   (2) The guaranty instrument should not have been excluded on the theory of want of notice of its acceptance, or of non-payment of the debt.   The evidence shows that defendant was present when the order for the goods was given, and thus had actual notice of the acceptance of his guaranty.   This case does not fall within that of *Bank v. Shine*, 48 Mo. 456; *Reynolds v. Douglass*, 12 How. 497, 504; *Davis v. Wells*, 104 U. S. 159, 164; *Wildes v. Savage*, 1 Story C. C. Rep. 22, 32; *Barker v. Scudder*, 56 Mo. 272.   *First.* The notice of acceptance need not be in writing or in any particular form, but may be inferred by the jury from facts and

Mitchell & Bro. v. Railton.

circumstances which shall warrant such inference. *Reynolds v. Douglass, supra; Davis v. Wells, supra.* The jury should at least have been permitted to pass on the question of notice. *Second.* Nor need notice of acceptance be given where the agreement to accept is contemporaneous with the guaranty, as was the case here. *Wildes v. Savage, supra; Davis v. Wells, supra.* (3) The alleged fact that the goods were really sold to W. B. Payne, if true, is immaterial. *First.* The witness, Story, testifies to the contrary; says Mrs. Payne was present when the order for the goods was given. *Second.* Defendant is estopped by the recital of the guaranty instrument to deny the sale to Mrs. Payne. *Third.* Even if the sale was to W. B. Payne in Mrs. Payne's name, there is nothing of fraud or otherwise in the transaction affecting the defendant or to discharge him; besides it appears from the evidence of Mr. Payne that defendant was cognizant of all the facts. But his knowledge is immaterial. Only creditors can impeach the transaction as fraudulent. *Larimore v. Tyler,* 88 Mo. 661. *Fourth.* Formal pleadings are not required before a justice of the peace. *Apitz v. Railroad,* 17 Mo. App. 419. Story's deposition shows his agency, and W. B. Payne's evidence shows the latter's knowledge of it.

*Edwards & Davison,* for defendant in error.

(1) This is a suit against a guarantor, and the plaintiffs were required: *First.* To prove plaintiffs, F. Mitchell & Bro., a firm, composed of Franklin and Solomon Mitchell. *Second.* That a guaranty as charged in their petition was given by the defendant to the plaintiff. *Third.* That they had accepted the guaranty and notified the defendant of the acceptance of the same and that the goods were sold on the credit of the guaranty to the party alleged in the petition. Neither one of these necessary requirements was complied with

or established, and the demurrer to the evidence was properly sustained.   48 Mo. 456 ; *Bank v. Shine*, 73 Mo. 361 ; *Taylor v. Shouse*, 81 Mo. 241, 249 ; *Prior v. Kiso*, 96 Mo. 303.   The court must look to written guaranty to ascertain the intention of the guarantor.  70 Mo. 524, 533 ; *Barker v. Scudder*, 56  Mo. 272, 277 ; *Mitchum v. Dunlap*, 98 Mo. 418 ; *Peck v. Ritchey*, 66 Mo. 114 ; Wharton on  Evidence  [ 2  Ed. ] sec. 1183 ; *Sumner v. Saunders*, 51 Mo. 89.   ( 2 )   The suit should have been brought in the name of the individual members of the firm, and there should have been proof on this point of the membership.   *Conrades & Co. v. Spink*, 38 Mo. App. 309 ; *Hammersmith v. Hilton*, 8 Mo. App. 564.

GILL, J.—The following written guaranty, executed by the defendant, serves as the basis of this action :

"JEFFERSON CITY, MISSOURI, July 15, 1887. "*Jas. Story.*

" DEAR SIR :—I will hold myself responsible for one-half the goods to the amount of $200 you may sell Mrs. E. L. Payne of this city.   Truly yours,
"J. RAILTON."

The evidence tends to prove, that on the faith of this guaranty the firm of Mitchell & Bro. ( these plaintiffs) did sell to Mrs. E. L. Payne about the amount of goods mentioned, and that she did not pay therefor. Thereupon this suit was brought on a complaint before a justice of the peace; thence appealed to the circuit court of Cole county, where on a trial before a jury the court sustained a demurrer to the evidence; a verdict was rendered for the defendant, and from the judgment thereon plaintiffs bring the case here by writ of error.

I.   The sufficiency of this writing—signed by the defendant and addressed to James Story—to charge defendant for goods sold on the faith thereof by Mitchell & Bro. to Mrs. Payne is the principal matter of contention on this appeal.   After the introduction of certain preliminary testimony ( to which we will presently allude ) plaintiffs, at the trial, offered the writing

in evidence, but on an objection by defendant the same was excluded. It seems that Story, the party addressed in the written guaranty, was the traveling agent or salesman of Mitchell & Bro. of St. Louis, and that Mrs. E. L. Payne was in business at Jefferson City, and as such agent Story conducted his business and sold the goods to Mrs. Payne. Before agreeing to sell, however, Story exacted some security for the bill ; and thereupon after some talk defendant Railton agreed to and did make the above guaranty, but it stands addressed to *Story* and not to these plaintiffs. The question is, can Mitchell & Bro. claim anything from the terms of a guaranty addressed to their agent, Story, and not to them. The books present a great variety and shades of opinion on the subject here suggested. The general rule is, that a guaranty when addressed to a particular party can only be acted upon and enforced by such party. Brandt on Suretyship & Guar., sec. 97. The surety or guarantor is said to be a favorite of the law, and that he will not be held to answer except upon the strict terms of his obligation. His undertaking will not be extended by construction or implication beyond the precise terms of the instrument by which he engages to answer for the debt of another. The claim against the surety or guarantor is said to be *strictissimi juris*, and that the written guaranty, when free from ambiguity, is the sole criterion to fix the limits of his engagement- Brandt on Sur. & Guar., sec. 79, *et seq.; Taylor v. Whit- more*, 10 Ohio, 490; *Bleeker v. Hyde*, 3 McLean, 279; *Smith v. Montgomery*, 3 Tex. 199 ; 3 Kent, Com. 124. Some courts have gone so far as to deny the admissibility of parol evidence to show that in a guaranty addressed to one person it was intended to be for the benefit of a firm of which this one was a member. "A guaranty to charge the guarantor," it is said, "must contain all the material facts upon its face ; and, if it does not, it will be void under the statute of frauds, and cannot be aided by parol proof." *Allison v. Rutledge*, 5 Yerg. 193.

In so far, at least, as it may be necessary to show for whose benefit the guaranty was in fact made—as to whether the guarantee named was the real party, or only understood to be contracting for and in behalf of another whose agent he was—we are of the opinion that oral evidence is admissible. While sureties and guarantors are favorites of the law and have the right to stand upon the strict terms of their obligation, still it seems unreasonable to apply any different rules than in other cases to determine just *what those contracts are.* The question in the construction of all contracts of surety, guaranty or others is, "What was the intention of the parties, as disclosed by the instrument, read in the light of the surrounding circumstances?" Brandt on Sur. & Guar., sec. 80. The terms of the instrument are not thereby contradicted, extended or misapplied. It is only giving force and effect to the instrument as it is and as it was intended by the parties thereto. So then we may now consider the instrument in the case at bar in the light of circumstances as they existed, in the knowledge of the parties, at the time of its execution. Although addressed to Story, plaintiffs' agent, if the instrument was *intended* by the parties, at the time for the protection and indemnity of the firm of Mitchell & Bro., whom Story represented, then it seems that the plaintiffs should be allowed to maintain an action thereon. It is not enough that Story was acting for Mitchell & Bro., an undisclosed principal. Railton, the guarantor, must have understood that Story was agent for the firm, and must have intended the guaranty for the security, or protection of such firm. Plaintiffs' counsel invoke the rule that the undisclosed principal may sue in his own name on contracts made by, and in the name of, the agent, and that, too, in cases where the other party believed at the time that the agent was contracting in his own behalf. This rule, if applied here, would mean, that though Railton may have believed that he was dealing with Story in

*propria persona*, and though he, Railton, intended the guaranty for the personal benefit of Story and no other person, still, if Story was in fact representing the Mitchells, then they could enforce said guaranty. That rule cannot be applied in cases of this character. The arrangement between the guarantor and guarantee is personal in its nature. There is to some extent a mutual· trust between the parties. As was said in *Sollee v. Mengy* (1 Bailey, Law, S. C), "A letter of credit is not assignable without the consent of the writer." Railton may have been entirely willing to guarantee the payment of goods sold by *Story* to Mrs. Payne, while unwilling to stand responsible for goods to be sold by the *Mitchells*. The mode of doing business by the first might have been different from that pursued by the latter. From Story he might have expected better terms, more favor and stricter attention to his interests than he could expect from the Mitchells.

The case at bar is quite parallel to that of *Barns v. Barrow* (61 N. Y. 39), except that there it appeared affirmatively that the guarantor had no knowledge that the nominal guarantee was acting for a firm as its agent. In that case E. F. Barrow engaged to sell flour and feed for John W. Barnes and defendant John Barrow made his written guaranty to said Barns agreeing to stand good for the performance of the contract entered into by E. F. Barrow. It appeared that the flour was furnished by a firm of which John W. Barns was a member, and, upon default by E. F. Barrow to account for proceeds of flour thus sold on commission, the firm of Barnes & Co. sued on the guaranty. The plaintiffs there, as here, contended that though the contract of guaranty on its face was made in the name of John W. Barns alone, yet as the goods were furnished by the firm of Barnes & Co., an undisclosed principal, the said firm might maintain the action on the guaranty. It was there said: "This claim is not one between the person who received the consideration and the plaintiffs.

Were they ( the plaintiffs ) seeking to collect of E. F. Barrow, the purchaser, it might be claimed that the case was simply one of an undisclosed principal in the law of agency, and that John W. Barns was acting for the firm." The court then cited cases of that nature, just as referred to here by plaintiffs' counsel, declaring the general rule that an undisclosed principal may sue on the contract of his agent, made in the name of the agent, and then the opinion continues : " The present case differs in an essential particular from those just cited. This is a case of pure guaranty, a contract which is said to be *strictissimi juris ;* and one in which the guarantor is entitled to a full disclosure of every point which would be likely to bear upon his disposition to enter into it. The consideration of the contract does not inure to him but to another. He assumes the burden of a contract without sharing in its benefits. He has a right to prescribe the exact terms upon which he will enter into the obligation, and to insist on his discharge in case those terms are not observed. He may plant himself upon the technical objections, this is not my contract ; *non in hæc fœdera veni.*" The opinion of the learned judge proceeds in a very satisfactory manner to discuss the text-books and cases on the subject, and announces the doctrine, thus well established, that " the words of the written instrument point out the person with whom he ( the guarantor ) contracted and measure his liability, *unless* it be made to appear affirmatively, by legitimate evidence, *that the guarantor intended to embrace others.*" " These cases show," he says, " that the mere addressing of a guaranty to one, in the absence of parol evidence of intention, will not permit another to recover upon it." So in *Michigan State Bank v. Pecks*, 28 Vermont ( 2 Williams ) 200, it was permitted to show that, in a letter of guaranty directed to C. C. Trowbridge, Esq., president, etc., the plaintiff state bank was intended. Now, in the application of this law to the case at bar, it seems that there was some evidence tending to

show that the guaranty offered in evidence was intended for the benefit of plaintiffs ; and it was error, therefore, to exclude said instrument from the consideration of the jury.

II.   As a further reason why plaintiffs should not be allowed to recover, it is urged by defendant's counsel that no acceptance of the guaranty by plaintiffs was shown.   Where one binds himself to answer for the contract of another already entered into, and of which he, the guarantor, had knowledge, then no notice of acceptance of the guaranty is necessary.   But in cases of general letters of credit, or in cases of guaranty directed to a particular individual offering to become responsible for a credit which may or may not be given to another, at the option of the party to whom the application for credit is made, the rule is that the guarantor must, within a reasonable time, be notified of the acceptance of the guaranty.   Reasons quite satisfactory exist for this rule.   "It is of the highest importance to the person thus offering his credit, that he should know he is looked to for payment. · Knowing that fact he can regulate his dealings with his principal accordingly. He will have the opportunity, if he desires, to secure himself against loss."   Brandt on Sur. & Guar., sec. 157.   And a still more potent reason, as it seems to me, is that the letter offering security amounts to a mere proposal to guarantee, and that, therefore, the contract of guaranty is not complete till such offer is accepted and notice thereof given to the guarantor.   It is only · then that the minds come together, and an understanding, mutual between the parties, is arrived at.   *Central Savings Bank v. Shine*, 48 Mo. 456 ; *Taylor v. Shouse*, 73 Mo. 361 ; 2 Parsons on Cont., p. 13, *et seq.*   Such notice of acceptance need not be in writing.   It is only sufficient that the guarantor be informed that the proposed guaranty has been accepted or acted upon.   *Davis v. Wells*, 104 U. S. 159.   Notice of acceptance, however,

is not necessary where the acceptance is contemporaneous with the guaranty. 2 Parsons on Contracts, 13, and cases cited in note; *Davis v. Wells, supra*, 165. If now in the case at bar, when this guaranty was made, defendant Railton was present and saw the goods then being sold and furnished Mrs. Payne, on the faith of said guaranty, then that was all the notice required. The evidence adduced by the plaintiffs tended to establish this state of facts. Hence, we hold that there was evidence tending to prove a sufficient notice of acceptance of the guaranty.

III. Plaintiffs' complaint, as filed with the justice, is entitled "F. Mitchell & Bro., plaintiffs, *v.* Joseph Railton," and it is alleged in the body of the statement that plaintiffs "are a mercantile firm composed of Franklin Mitchell and Solomon Mitchell, doing business in the city of St. Louis," etc. It is claimed by defendant's counsel that such failure to properly entitle the cause as well as a failure to prove the alleged partnership between Franklin and Solomon Mitchell, justified the court in sustaining a demurrer to the evidence. We must hold this point against the defendant. The failure to bring the action in the name of the individual members of the firm, or copartnership, was, it is true, a technical error. The action should have been brought in the names of the real parties in interest, and these were the individuals composing the partnership. However, defendant made no objection to such defective statement in the caption of the complaint by motion or otherwise, so as to give plaintiffs an opportunity to amend and we think such defect was thereby waived. *Fowler v. Williams*, 62 Mo. 404; *Beattie v. Hill*, 60 Mo. 72; *House v. Duncan*, 50 Mo. 453; *Conrades & Co. v. Spink*, 38 Mo. App. 309.

And admitting that no proof was produced as to the copartnership between F. and S. Mitchell as alleged in the complaint, yet such absence of evidence did not warrant a peremptory instruction for defendant. If

defendant desired to put this fact in issue he should have filed an affidavit in the cause denying such partnership. R. S. 1889, sec. 2186.

IV. Something is said in the evidence to the effect that Mrs. Payne in purchasing the goods from Mitchell & Bro. was in fact acting for and in behalf of her husband, W. B. Payne ; that to avoid his creditors the goods were bought in the name of his wife. But we do not see how that can affect this controversy. It is a matter that might come up between W. B. Payne and his creditors, but it in no way concerns an action on Railton's guaranty.

Holding these views the judgment must be reversed and the cause remanded. ELLISON, J., concurs ; SMITH, P. J., not sitting.