Tolman Co. v. Means.

JOHN A. TOLMAN COMPANY, Respondent, v. J. R. MEANS *et al.*, Appellants.

Kansas City Court of Appeals, January 16, 1893.

1. **Guaranty**: KNOWLEDGE OF ACCEPTANCE. Where a contract is made engaging a traveling salesman at one time in one state, and, some days thereafter in another state, he secures the signatures of defendants to the guaranty provided for in the contract of employment, which he forwards to plaintiff, *held*, the two contracts are not contemporaneous. And it is suggested that defendants are entitled to notice of their acceptance as guarantors.

2. ———: ———. Where the guarantor knows, as a matter of fact, he is accepted as such, he is bound. Knowledge is the material matter; no form or special channel of notice is needed.

*Appeal from the Putnam Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Marshall & Franklin Bros.*, for appellants.

(1) The court erred in refusing to sustain defendants' objection to the introduction of testimony on plaintiff's petition. *Bank v. Shine*, 48 Mo. 456, and cases cited; *Childs v. Rankin*, 9 Mo. 673. It is not sufficient to make a case to show that there was at the time the guaranty was signed a contract between the plaintiff and Slade; but it must be shown that the said contract was before the guarantors. *Childs v. Rankin, supra.* The court erred in giving the first instruction, asked by plaintiff, and in refusing the fifth, sixth, seventh, eighth, ninth and tenth asked by the defendants. *Railroad v. Smith*, 27 Mo. App. 371.

*A. W. Mullins,* for respondent.

If there be a mere proposal to guarantee a contingent liability, then notice to the guarantor must be given of its acceptance. But the law is settled, certainly in this state, that, where a party directly binds himself to be responsible for the fulfillment of another's contract already made, no such notice is required. And such is the present case. *Machine Co. v. Jones,* 61 Mo. 409; *Barker v. Scudder,* 56 Mo. 272.

ELLISON, J.—This action is based on a contract of guaranty, which contract arose under the following circumstances:

One Slade was employed as a traveling salesman for plaintiffs who were a wholesale firm doing business in the city of Chicago. His employment being evidenced by the following writing, viz.:

"This memorandum certifies: Engaged James N. Slade as salesman to solicit orders for goods for us (John A. Tolman Company), he expending his entire time and energy in faithfully and intelligently rendering such service for one year from date (or at our option as to time). We are to pay him forty per cent. of the profits he makes on the route selling goods for us, he to pay his own expenses and to furnish his own sample case. We to be the final judge of all credit given customers, and no order is to be counted as a sale except order acceptable to us. On the further condition that he stays the full year's time out, and also stands fifty per cent. of any loss that may be incurred from bad debts, or any expense for collecting difficult accounts on the territory for the time when the sales for the year are collected; we are then to pay an additional ten per cent. of the profits, and until that time this ten per cent. of the profits is to be held as a guaranty fund for the purposes specified. And at the end of the

year, when collections for the sales are made, if losses from bad debts have occurred, we are to deduct one half of the amount of the same from this ten per cent. guaranty fund and to pay over the balance, but, if half the amount of the losses exceed the amount of the guaranty fund, we are to stand the balance."

It was understood between plaintiffs and Slade that he was to obtain parties to guarantee the performance of his contract, though no particular persons were mentioned. Slade went to Unionville in the state of Missouri, and, several days after executing the foregoing contract of employment, procured the defendants to sign the following instrument which he mailed to plaintiffs at Chicago, viz.:

"In consideration of the sum of $1 to me in hand paid by John A. Tolman Company, the receipt of which is hereby acknowledged, I or either of us hereby guarantee the payment to John A. Tolman Company, of any and all moneys collected by James N. Slade for account of John A. Tolman Company, and for all moneys which they may from time to time advance to said James N. Slade, and any and all indebtedness now due or which may hereafter become due John A. Tolman Company in excess of the amount due James N. Slade as per agreement between said John A. Tolman Company and said James N. Slade, and to accept a verified statement of the accounts as kept in the regular books of said John A. Tolman Company as correct and final between the said company and the said James N. Slade, and without requiring any demand or notice of default. My liability, however, is limited hereby to one thousand dollars ($1,000) together with interest at eight per cent. per annum until paid, and all costs, attorneys' fees and expenses that shall arise from enforcing collections, and for such amounts this is intended as a continuing guarantee."

Plaintiff obtained judgment below.

The contention here is that there should have been notice given to defendants of the acceptance of their contract of guaranty.  And in support of this contention we are cited to the cases of *Childs v. Rankin*, 9 Mo. 673, and *Savings Bank v. Shine*, 48 Mo. 456, to which we add *Taylor v. Shouse*, 73 Mo. 361.  Plaintiffs, on the other hand, contend that defendants' contract is one where they agree to be directly liable, and that it is not a mere overture or proposition to guarantee a contingent liability of another party, and, hence, no notice of acceptance is necessary, citing *Barker v. Scudder*, 56 Mo. 272, and *Machine Co. v. Jones*, 61 Mo. 409.  There is perhaps no question where more diverse and contradictory opinions have been pronounced.  The legal propositions formulated and stated are substantially uniform, but the application of the facts in the different cases to these principles is confusing in the extreme.

It will be noted that the principal contract here was entered into in Chicago, Illinois; and that the obligations, duties and debts of Slade were mainly contingent on future action; and that the guaranty by these defendants was executed in Missouri several days afterwards and forwarded to plaintiffs at Chicago.  The original contract and the guaranty were not contemporaneous.  Nothing appears in this part of the transaction to show that plaintiffs *accepted* of defendants as guarantors.  They may have rejected them because of their distance and inconvenience from Chicago, or, perhaps, may not have thought them desirable guarantors.  Though Slade continued in the service of plaintiffs, yet, for aught defendants knew (as appears from this portion of the case) he may, on plaintiff rejecting these defendants, have gotten others.  Plaintiff surely had the privilege of rejecting or accepting defendants as guarantors, and surely, unless accepted, no liability

attached.   Certainly it is no uncommon thing for proffered surety to be rejected.   These remarks which we believe to be supported by the cases of *Mosby v. Tinkler*, 1 C. M. & R. 692; *Beckham v. Hale*, 17 John. 134, 139; *Mussey v. Rayner*, 22 Pick. 223; *Kay v. Allen*, 9 Pa. St. 320; *Craft v. Isham*, 13 Conn. 33; *Allen v. Pike*, 3 Cush. 238; *Milroy v. Quinn*, 69 Ind. 406, we prefer not to be interpreted as a decision of the question, or as binding upon us as a precedent, for the reason that there remains a ground in the record sufficiently clear and comprehensive to dispose of the case.

That ground is, that, while plaintiffs did not give defendants notice that they accepted them as guarantors, yet defendants had knowledge that they were so accepted.   Two of them addressed a letter to plaintiffs expressly showing that they considered themselves guarantors for Slade, and the face of the case fairly shows that all of them so understood it.   This is sufficient.   Knowledge of being accepted as guarantors is the material matter.   It is not necessary to inquire how the knowledge is acquired.   No form of notice is necessary, and no specific channel of information need be sought.   1 Brandt on Suretyship & Guaranty, sec. 204.   It follows that the judgment should be affirmed.   All concur.