Deering Harvester Co. v. Sulser.

DEERING HARVESTER COMPANY, Appellant, v. JOHN SULSER, Respondent.

**Kansas City Court of Appeals, February 20, 1899.**

Guaranty: OFFER OF: NOTICE OF ACCEPTANCE. A mere proposal to stand as guarantor for future credit or advances, in order to become a binding contract, must be accepted by the guarantee and the guarantor notified thereof within a reasonable time; and this rule is applied to a contract of agency which was executed by the agent and sent to the principal with a stipulation that it was not to become effective until it was accepted by the principal, of which acceptance the guarantor was not notified.

*Appeal from the Cass Circuit Court.*—HON. W. W. WOOD, Judge.

AFFIRMED.

A. A. WHITSITT and FRANK W. BABCOCK for appellant.

(1) The intention of the parties is "the pole star of construction," and there is a long and unbroken line of decisions of the most respectable courts, to the effect that "a guaranty is a mercantile instrument, to be construed according to what is fairly to be presumed to have been the understanding of the parties without any strict, technical nicety;" that "every instrument of this sort ought to receive a fair and reasonable interpretation, according to the true import of its terms;" that "as these instruments are of extensive use in the commercial world, upon the faith of which large credits and advances are made, care should be taken to hold the party bound to the full extent of what appears to be his engagement;" that "the words of the guaranty are to be taken as strongly against the guarantor as the sense will admit;" "that effect shall be given to the instrument which best accords with the intention of the parties as manifested by the

terms of the guaranty, taken in connection with the subject-matter to which it relates." A few illustrative authorities are sufficient on this point: Lee v. Dick, 35 U. S. (10 Pet.) 482; Brandt, Sur. & Guar., sec. 92; Mauran v. Bullus, 41 U. S. (16 Pet.) 528; Douglass v. Reynolds, 7 Pet. 113, 122; Bell v. Bruen, 42 U. S. (1 How.) 169; Mfg. Co. v. Forsythe, 108 Ind. 334; 9 N. E. Rep. 372, 375; Davis v. Wells, 104 U. S. 159, 169; Drummond v. Prestman, 25 U. S. (12 Wheat.) 515; Lawrence v. McCalmont, 43 U. S. 450; 2 How. 426; Wills v. Ross, 77 Ind. 1; 40 Am. Rep. 279; Birdsall v. Heacock, 32 Ohio St. 177, 181; 30 Am. Rep. 572, 575; Sewer Pipe Co. v. Ganser, 58 Mich. 385; 25 N. W. Rep. 377; 55 Am. Rep. 697. No exact parallel of the case at bar is found among the reported decisions of this state. Such cases as Smith v. Anthony, 5 Mo. 504, Rankin v. Childs, 9 Mo. 674, Bank v. Shine, 48 Mo. 456, Taylor v. Shouse, 73 Mo. 361, relied on by respondent below, have no application and throw no light on this case, for the simple reason that they all represent a different character of guaranty, or rather mere proposals to guaranty, and not absolute undertakings. Tolman v. Means, 52 Mo. App. 385, is not an authority, for the reason that the point is not decided, the case being determined upon another ground; but if the doubt there intimated is sound, the case is distinguishable from the case at bar on the circumstances under which the guaranty was executed and delivered. (2) An absolute promise, for a valuable consideration, to pay for such advances as another shall make, or to answer for the default of another, needs no formal acceptance in words, but will be binding upon the advances being made or the thing proposed being done pursuant to the promise. Brandt on Sur. & Guar. [2 Ed.], secs. 193-194; Machine Co. v. Jones, 61 Mo. 409; Douglass v. Howland, 24 Wend. 35; Bank v. Coster, 3 N. Y. 203, 212; 53 Am. Dec. 280; Smith v. Dann, 6 Hill (N. Y.), 543; Powers v. Bumcratz, 12 Ohio St. 273; Wise v. Miller,

45 Ohio St. 388; 14 N. E. Rep. 218; Wilcox v. Draper, 12 Neb. 138; 10 N. W. Rep. 579; Klosterman v. Olcott, 25 Neb. 382; 41 N. W. Rep. 250, 252; Lininger v. Metcalf, Co., 49 Neb. 567; 68 N. W. Rep. 941; Davis v. Wells, 104 U. S. 159; Ward v. Wilson, 100 Ind. 52; 50 Am. Rep. 763, 765; Mfg. Co. v. Black, 111 Ind. 308; 12 N. E. Rep. 504; Jackson v. Yandes, 7 Blackf. 526; Becktold v. Lyon, 130 Ind. 194; 29 N. E. Rep. 912, 915; Wright v. Griffith, 121 Ind. 478; 23 N. E. Rep. 281; Snyder v. Click, 112 Ind. 293; 13 N. E. Rep. 581; Crittenden v. Fiske, 46 Mich. 70; 8 N. W. Rep. 714; 41 Am. Rep. 146; Paige v. Parker, 74 Mass. (8 Gray) 211; Bishop v. Eaton, 161 Mass. 496; 37 N. E. Rep. 665; 42 Am. St. Rep. 437; Train v. Jones, 11 Vt. 444; Yancy v. Brown, 35 Tenn. (3 Sneed.) 89, 94-98; Bright v. McKnight, 33 Tenn. (1 Sneed.) 158; Wadsworth v. Allen, 8 Gratt. (Va.) 174; Taylor v. Tolman, 47 Ill. App. 264; Johnson v. Bailey, 79 Tex. 516; 15 S. W. Rep. 499; Shropshire v. Smith, 37 S. W. Rep. (Tex. Civ. App. 1896) 174, 470; Hart v. Wynne, 40 S. W. Rep. (Tex. Civ. App. 1897) 848, 849; Case v. Howard, 41 Ia. 479; McDonald v. Fernald, 38 Atl. Rep. (N. H. 1894) 729.   (3)   The guaranty contract in this case is an absolute undertaking. Wade on Notice, sec. 427; Mfg. Co. v. Black, 111 Ind. 308; 12 N. E. Rep. 504; Ward v. Wilson, 100 Ind. 52; 50 Am. Rep. 763; Powers v. Bumcratz, 12 Ohio St. 273; Paige v. Parker, 74 Mass. (8 Gray) 211, 213; Wise v. Miller, 45 Ohio St. 388; 14 N. E. Rep. 218; Wilcox v. Draper, 12 Neb. 138; 10 N. W. Rep. 579; Klosterman v. Olcott, 24 Neb. 382; 41 N. W. Rep. 250; Lininger v. Metcalf Co., 49 Neb. 567; 68 N. W. Rep. 941; Crittenden v. Fiske, 46 Mich. 70; 8 N. W. Rep. 714; 41 Am. Rep. 146.

CHAS. W. SLOAN and J. S. BRIERLY for respondent.

(1)   Defendant was entitled to notice of acceptance of guaranty; and not having such notice he is not liable.   Bank

v. Shine, 48 Mo. 456; Smith v. Anthony, 5 Mo. 504; Taylor v. Shouse, 73 Mo. 361; Brandt on Suretyship and Guaranty [1 Ed.], secs. 157, 158, 159, 160, 161; Rankin v. Childs, 9 Mo. 674; Barker v. Scudder, 56 Mo. 276; Machine Co. v. Jones, 61 Mo. 409-411; 2 Parsons on Contracts [5 Ed.], pp. 12, 13, 14, and authorities cited; 9 Am. and Eng. Ency. of Law, 78, sec. 8, note 1, and authorities cited; Davis v. Wells, Fargo & Co., 104 U. S. Sup. Ct. 159-170 (book 26 L. C. P. Co. Ed., p. 686), and authorities cited; Machine Co. v. Richards, 115 U. S. Sup. Ct. 524-527 (book 29 L. C. P. Co. Ed., p. 480); Cangas v. Mfg. Co., 37 Mo. App. 297-307; Bruner v. Wheaton, 46 Mo. 363-366; Gregory v. Bullock, 26 S. E. Rep. (120 N. C.) 820; Evans v. McCormick, 167 Pa. 247 (31 Atl. Rep. 563); Paper Mills v. Travis, 58 N. W. Rep. 36; McCollum v. Cushing, 22 Ark. 540; Edmondston v. Drake, 5 Peters, 624; Reynolds v. Douglass, 12 Peters, 497; s. c., 7 Peters, 113; Russell v. Clark, 7 Cranch, 69; Lee v. Dick, 10 Peters, 482; Coe v. Buehler, 5 Atl. Rep. (110 Pa. St. 366) 20; Gardner v. Lloyd, 2 Atl. Rep. (110 Pa. St. 285) 562; Cycle Co. v. Reed, 84 Fed. Rep. (C. C. W. D. Pa.) 603. (2) Every fact which plaintiff must prove to maintain his suit must be alleged. Pier v. Heinrichoffen, 52 Mo. 333; Scott v. Robards, 67 Mo. 289; Lanitz v. King, 93 Mo. 513; Rogers v. McCraw, 61 Mo. App. 407; Harrison v. Railroad, 50 Mo. App. 332.

ELLISON, J.—This is an action on a contract of guaranty. The trial court sustained a demurrer to plaintiff's evidence and it appealed.

It appears that plaintiff is a harvesting machine company and that M. J. Lynch, of Pleasant Hill, Missouri, and one of plaintiff's agents signed a written contract, dated March 1, 1895, appointing Lynch as agent for STATEMENT. plaintiff for Pleasant Hill and the trade tributary thereto. That the contract contained a notice printed thereon as follows: "This contract is not

binding upon Deering Harvester Co. until accepted by it at Chicago, Ill. Below this, on the same paper is the following contract of guaranty which was signed by this defendant May 11, 1895:

"In consideration of the appointment or retention of the above party as agent of Deering Harvester Co., for the sale of its Harvesters, Binders, Reapers, Mowers, Trucks, Extras, Twine and other property in certain territory, the undersigned jointly and severally guarantee the fulfillment by said agent of all his obligations and duties growing out of and relating to such agency or otherwise that now or hereafter may exist, and we agree to pay said Deering Harvester Co. or its successors all damages it or they may sustain by reason of any default of said agent; that the written acknowledgment of, or a judgment of any court against said agent, shall in every respect, bind and be conclusive against the undersigned, their heirs, and representatives; and that the liability hereby created shall not be waived, modified or canceled by any extension of time to pay or keep any part of said obligations or duties, or otherwise, nor accept by surrender to us of this guaranty and agreement, or by indorsement hereon by Deering Harvester Co. at their home office in Chicago, showing release or fulfillment hereof."

On May 20, 1895, the plaintiff indorsed its acceptance at Chicago, as above provided for. The petition does not charge that defendant had any notice of the acceptance thus made by plaintiff, and it was conceded at the trial that he had not.

There is some diversity of opinion as to the law of guaranty, and much more as to the application of recognized rules to the same state of facts. Tolman Co. v. Means, 52 Mo. App. 385. Whatever differences may appear in the adjudicated cases, there are nevertheless certain cardinal rules recognized, in one form or another, by all; and that is, that

GUARANTY: offer of notice of acceptance.

a mere proposal to stand as guarantor for future credit or advances, in order to become a binding contract, must be accepted by the guarantee and the guarantor notified thereof within a reasonable time. Bank v. Shine, 48 Mo. 456; Mitchell & Bro. v. Railton, 45 Mo. App. 281; Taylor v. Shouse, 73 Mo. 361. The facts in the case at bar fall clearly within this rule. There was no contract, much less a guaranty of that contract, at the time defendant signed the paper now sought to be made a guaranty. The paper on which the contract was written especially withheld from it any force as a contract, or any acceptance of defendant as a guarantor, until such acceptance had been indorsed by plaintiff at Chicago, Illinois. This acceptance of the contract and of defendant as guarantor, was not had until nearly three months after the contract was signed and some ten days after the guaranty was signed. There is therefore no room to question that the whole matter stood as a proposal until it was accepted. If plaintiff had exercised its right and disapproved, either the contract or the guaranty, surely there would be no pretense that defendant was liable. Plaintiff chose the other alternative and approved both, but it failed to notify defendant, and hence he is not liable and the circuit court properly so instructed. Davis Sewing Machine Co. v. Richards, 115 U. S. 524, a case much in point.

It is however contended that there was sufficient evidence of notice to defendant of acceptance to have carried the case to the jury. We are of the opinion that in the state of the record before us, there is no merit in this contention. The judgment is affirmed. All concur.