## PEORIA RUBBER MANUFACTURING COMPANY, Respondent, v. H. T. DURING, Appellant.

### Kansas City Court of Appeals, June 18, 1900.

1. **Guaranty: NOTICE OF ACCEPTANCE: KNOWLEDGE.** If a guarantor has knowledge of the acceptance of his offer of guaranty this will suffice without proof of notice from the guarantee.

2. ————: **CONSTRUCTION OF CONTRACT: CONSIDERATION.** A contract of guaranty is examined and held to cover past sales as well as future; and the future credit furnished a consideration for the guaranty of prior as well as subsequent sales.

3. ————: ————: **CHANGE OF TERMS.** A contract of guaranty is construed to be a continuing guaranty for goods sold on credit without limitations as to the price, terms and agreements between the original parties with which the guarantor had no concern.

4. ————: ————: **SUBSEQUENT EXPENSES.** A contract of guaranty is construed to cover subsequent traveling expenses.

Appeal from the Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

Affirmed.

*Harrison & Harrison* for appellant.

(1)    Defendant never heard from plaintiff in regard to the matter; it was a mere proposal to stand as guarantor

for future credit, and in order to become a binding contract, must be accepted by the guarantee, and the guarantor notified thereof within a reasonable time. This was not done. Harvester Co. v. Sulser, 78 Mo. App. 670, and cases cited; Bank v. Shine, 48 Mo. 456; Machine Co. v. Jones, 61 Mo. 409; Taylor v. Shouse, 73 Mo. 361; 9 Am. and Eng. Ency. of Law, 78, sec. 8, note 1, and authorities cited; Machine Co. v. Richards, 115 U. S. Sup. Ct. 524, 527; s. c., book 29 (L. C. P. Co. Ed.) 480. (2) Creditors are bound to use reasonable diligence to make demand and give notice of the non-payment. The guarantors are not to be held to any length of indulgence of the credit which the creditors may choose, but have a right to insist that the risk of their responsibility shall be fixed and terminated within a reasonable time after the debt has become due. Douglas v. Reynolds, Byrne & Co., 7 Peters (U. S.) 126, 127; s. c., book 8 (L. C. P. Co. Ed.), 631; Notes to Lounese v. Barker, 3 Wheaton (U. S.) 154, 155; s. c., book 4 (L. C. P. Co. Ed.), 358. (3) The instrument signed by H. T. During at Carthage, Mo., October 21, 1897, on which the second count is based, was for money advanced H. P. During for traveling expenses; and there was no evidence showing any money had been advanced at the time. Plaintiff undertakes to vary the offer by saying it was meant for money to be advanced. But it is well settled that when the intention is clearly expressed or the terms of the guaranty are defined and ascertained the liability of the guarantor can not be extended beyond them by implication. Administrator v. Bank, 70 Mo. 524; Squier v. Evans, 127 Mo. 514. (4) An alteration, whether material or not, in a contract which a third party has agreed to guarantee, will relieve him from liability on the contract. Page v. Krekly, 137 N. Y. 37; s. c., book 21, L. R. A. 409, at 415; Warden v. Ryan, 37 Mo. App. 466; Burley v. Hitt, 54 Mo. App. 272, and authorities cited; Schuster v. Weiss, 114 Mo. 158, at

166 1-2; Farrar v. Kramer, 5 Mo. App. 167; Fisher v. Cutter, 20 Mo. 206.

*Shannon & Shannon* for respondent.

(1) The contract of guarantee was valid and binding, being founded upon a consideration, to-wit: that respondent would sell to H. P. During bicycles, etc., upon credit. 14 Am. and Eng. Ency. of Law (2 Ed.), p. 1129, II n. 3; 14 Am. and Eng. Ency. of Law (2 Ed.), p. 1133, 3 (2), n. 5; Osborne v. Lawson, 26 Mo. App. 554, II; Pfeiffer v. Kingsland, 25 Mo. 66. (2) Its acceptance and notice thereof, or of facts rendering notice unnecessary, were in evidence and were submitted to the jury by proper instructions of the court. Tolman Co. v. Means, 52 Mo. App. 389; Bank v. Shine, 48 Mo. 467; 14 Am. and Eng. Ency. of Law (2 Ed.), p. 1148, n. 5 and 6. (3) The guaranty for money to be advanced was a valid contract to secure future advances. A contract of guaranty must be construed according to surrounding circumstances, and the intention of the parties thereto. 14 Am. and Eng. Ency. of Law (2 Ed.), p. 1143, 3 n. 6; 14 Am. and Eng. Ency. of Law (2 Ed.), p. 1144, 4 n. 3; Smith v. Van Wyck, 40 Mo. App. 525, 526; Mitchell v. Railton, 45 Mo. App. 278.

ELLISON, J.—The petition in this cause embraces two counts, each on a written guaranty given by defendant to plaintiff. The judgment in the trial court was for plaintiff on both counts.

It appears that defendant's son was in business in Carthage, Missouri, dealing in bicycles, etc., and that plaintiff was manufacturing and dealing in such articles. That defendant executed to plaintiff a guaranty containing the following terms :

"To the Peoria Rubber & Manufacturing Co.,

"Dear Sir:—In consideration that you will sell and deliver on credit to H. P. During, of Carthage, county of Jasper, state of Missouri, bicycles, bicycle parts, sundries and other articles connected with or pertaining to bicycles, I hereby guarantee the payment to you of the price and value of said bicycles, sundries and other articles at the time or times of payment agreed upon by said H. P. During to an amount not exceeding five hundred dollars.

"This shall be held as a continuing guarantee by me in your favor for all such bicycles, sundries and other articles that you have sold, or that you may from time to time sell and deliver to said H. P. During until further notice from me, and you are hereby authorized to grant such delay and extension of time or times of payment to said H. P. During as you may see fit and change the nature and character of the indebtedness from book account to note, check, draft, or otherwise, as you and he may agree and without notice to me."

And also another guaranty containing the following terms:

"Peoria Rubber & Mfg. Co., Peoria, Illinois.

"I hereby agree to be personally responsible for funds advanced H. P. During for traveling expenses to the extent of five hundred dollars ($500).

"Signed this 21st day of October, 1897, in the presence of Claude Hodshier, witness.

"Carthage, Mo., P. O. address.

"H. T. During."

It is first contended, and it is true, that there was no notice to defendant from plaintiff that it accepted the guarantees. But there was evidence tending to show that plaintiff did in fact accept them and that defendant had knowledge that he had been accepted as guarantor. The instructions

were properly framed in harmony with this view. If there be knowledge of acceptance brought home to the guarantor, it will suffice without proof of notice from the guarantee. Tolman v. Means, 52 Mo. App. 385. Where the guarantor is found to have had knowledge of the acceptance, "no special notice of the acceptance of the guaranty or of the offer of guaranty was necessary. Knowledge was equivalent to notice." Bascom v. Smith, 164 Mass. 61.

It is urged that the court by refusal of some of defendant's instructions permitted plaintiff to recover for goods sold prior to the guaranty, especially those goods represented by a note for $80. By the terms of the guaranty it covered past sales as well as future, within the amount limited. Although there had been past sales on credit, yet the sales made on credit after the guaranty, on the faith thereof, furnished a consideration for the guaranty of prior as well as subsequent sales.

There is much said about the change of the contract between plaintiff and defendant's son concerning the purchase of goods from plaintiff, and authorities are cited in support of the proposition that the guarantor can not be held where the contract with the guarantee has been changed without his consent. Those authorities refer to a guaranty of some specific contract. They have no application here since the guaranty in suit in the first count is a continuing guaranty for goods sold on credit. There are no limitations except as to amount. The prices, terms and agreements between the original parties is of no concern to defendant. He has simply offered his guaranty as security for goods sold on credit.

Again, it is contended that the terms of the guaranty in the second count does not include money advanced after the date of the guaranty. This construction is ill founded. The written terms of the guaranty show that it covers traveling expenses thereafter to be incurred not to exceed five

hundred dollars.    An examination of the whole record has convinced us that the case was fairly tried and that the judgment should be affirmed.    *Smith, P. J.,* concurs; *Gill, J.,* absent.