CLINTON BANK, Appellant, v. A. H. GOLDSTEIN, Respondent.

### Kansas City Court of Appeals, February 4, 1901.

1. **Guaranty: FUTURE CREDIT: ACCEPTANCE: MUTUAL CONSENT.** If a guaranty is signed by a guarantor at the request of the guarantee, or if the latter accept the guaranty at the time of its signing or give a consideration for its execution, the mutual assent completes the contract on the delivery of the guaranty.

2. ———: ———: ———: **NOTICE.** A mere proposal to stand as guarantor for future credit to become binding must be accepted by the guarantee, and the guarantor notified.

3. ———: **CONSIDERATION: ACCEPTANCE: SPECIFIC SUM.** Defendant for a consideration of one dollar guaranteed a bank all money advanced to A. not to exceed $2,000. It does not appear who paid the dollar. The bank gave defendant no notice of acceptance. Held, defendant was not liable and the obligation was not a contract to answer for specific sum under certain designated conditions but was a mere proposed guaranty.

Appeal from the Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*McReynolds & Halliburton* for appellant.

(1) There is a well-recognized distinction between an offer or proposition of guaranty and a direct promise of guaranty. The former requires notice of acceptance and acting upon it while the latter does not. The bond in this case is a direct promise of guaranty. It creates an original liability.

Brandt on Suretyship and Guar., sec. 162, 164, 165, 166, 167 and authorities cited. Where it is an absolute and conclusive agreement of guaranty, no notice of acceptance is necessary. Smith v. Anthony, 5 Mo. l. c. 506; Barker v. Scudder, 56 Mo. l. c. 276; Mch. Co. v. Jones, 61 Mo. 409; Carmen v. Elledge, 40 Ia. 409; Printing Co. v. Bickley, 73 Mo. App. 499. (2) Defendant knew his bond was accepted and he is therefore bound. Mitchell v. Railton, 45 Mo. App. l. c. 281; Tolman Co. v. Means, 52 Mo. App. l. c. 388, 389. (3) Defendant is bound as an original promisor. Mercantile Co. v. Chapman, 78 Mo. App. l. c. 621; Jewelry Co. v. Bertig, 2 Mo. App. Rep. No. 15 (p. 813); Printing Co. v. Bickley, 73 Mo. App. 499. (4) This being a bond to plaintiff for an express consideration received from plaintiff, the answer being a general denial, defendant can not dispute the consideration and is therefore bound. Agricultural & Commercial Ass'n v. Delano, 108 Mo. 220.

*Thomas & Hackney* for respondent.

(1) The instrument on its face confined the guaranty to such sums as might be loaned after the date of the instrument, not exceeding $2,000. This instrument then amounted to no more than a proposal to stand as guarantor for future credit and advances. The rule is well settled in this state that in all such cases the proposal, to become binding, must be accepted by the guarantee, and the guarantor notified thereof, within a reasonable time. Harvester Co. v. Sulser, 78 Mo. App. 675; Bank v. Shine, 48 Mo. 456; Taylor v. Shouse, 73 Mo. 361; Mitchell v. Railton, 45 Mo. App. 281. And this rule is announced generally by the courts and text writers. 1 Brandt Suretyship and Guar. (2 Ed.), secs. 186 to 192; Authorities cited in Bank v. Shine, *supra*. (2) It is not averred in plaintiff's petition that defendant was notified of the acceptance of

this instrument.    The evidence adduced on the trial not only failed to show notice, but did show affirmatively that no notice whatever was given defendant of the delivery of the instrument to plaintiff, of its acceptance thereof, or any loan made by plaintiff to the principal debtor.    The defendant was, therefore, not liable and the trial court properly so held.    Authorities, supra.    (3) The mere recital in the instrument of a consideration of one dollar without stating from whom it was received does not have the effect of showing a previous agreement to accept this very instrument, and does not dispense with the necessity of notice of acceptance.    Machine Co. v. Richards, 115 U. S. 524.

SMITH, P. J.—The case disclosed by the record before us may be briefly stated in this wise:    The plaintiff, a banking institution, was informed by one A. Goldstein, a grain dealer, that he would thereafter make application to it from time to time for the loan of such sums of money as he should need to carry on his business.    It is to be inferred that the plaintiff was unwilling to make the requested loans unless the payment of the same were guaranteed by a third person, for it appears that before the plaintiff made such loans that said Goldstein inclosed to defendant for execution by him a certain written guaranty which was to the effect that the defendant in consideration of one dollar to him in hand paid thereby guaranteed to plaintiff all sums of money, to the extent of two thousand dollars, that it should loan or advance the said Goldstein between the date of said guaranty—July 6, 1897, and July 1, 1898.    The defendant signed the said guaranty and mailed it back to the said Goldstein.

Some months after the date of the guaranty and before July 1, 1898, the plaintiff loaned the said Goldstein between seven and eight thousand dollars, taking his notes therefor. These notes were never paid.    It may be further inferred that

the said Goldstein, on receipt from defendant of the guaranty, signed by him, delivered the same to the plaintiff, but the plaintiff gave defendant no notice that his sufficiency as guarantor had been approved or that his guaranty was accepted or that it had made to said Goldstein said loans until a short time before this suit was brought when payment thereof was demanded; while the guaranty, as already stated, recites the receipt of a nominal consideration of one dollar, it does not appear from whom such consideration moved.

In Sewing Machine Co. v. Richards, 115 U. S. 524, it is said: "A contract of guaranty like every other contract can only be made by the mutual assent of the parties. If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or, if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved and the delivery of the guaranty to him for his use completes the contract. But if the guaranty is signed by the guarantor without any previous request of the other party and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is in legal effect an offer or proposal on the part of the guarantor, needing an acceptance by the other party to complete the contract." And it is also the well-established law of this state that a mere proposal to stand as a guarantor for future credit or advances to become a binding and operative contract must not only be accepted by the guarantee but the guarantor must be notified thereof: Harvester Co. v. Sulser, 78 Mo. App. 675; Mitchell v. Railton, 45 Mo. App. 281; Barker v. Scudder, 56 Mo. 272; Bank v. Shine, 48 Mo. 456; Taylor v. Shouse, 73 Mo. 361; Smith v. Anthony, 5 Mo. 504; Rankin v. Childs, 9 Mo. 673.

Accordingly, it seems clear that since it does not appear that the plaintiff requested the defendants to sign the guaranty,

nor that there was any consideration moving from it and received or acknowledged by defendant at the time of signing, that the said guaranty did not become complete and effective. The acknowledgment in the guaranty by the defendant of the receipt of one dollar without stating from whom received, no more proves that such consideration was received from the plaintiff than it does from Goldstein, the principal debtor. But whether this is so or not, it is indisputably true that there was no notice to the defendant of the approval of the sufficiency of his guaranty, or that such guaranty had been accepted, both of which were essential in order to bind the defendant as guarantor in a case of this kind.

The defendant by his undertaking did not directly agree and bind himself to be answerable for a specific sum under certain designated circumstances, but on the contrary he no more than proposed thereby to guarantee the payment of any advances that plaintiff might thereafter make to the principal *not to exceed two thousand dollars*—so that he manifestly did not bind himself to answer for a specific sum and was therefore entitled to a distinct notice of acceptance by plaintiff to the end that he might know his liability and have the means of arranging his relations with his principal.

The action of the trial court in giving for defendant the peremptory instruction was proper. The judgment must be affirmed. All concur.