PENINSULAR STOVE COMPANY, Appellant, v. ADAMS HARDWARE & FURNITURE COMPANY, Respondent.

**Kansas City Court of Appeals, March 3, 1902.**

1. **Principal and Agent: EVIDENCE: DECLARATIONS.** A soliciting agent, carrying with him letterheads and billheads and samples of goods, can not be held as a sale agent on his mere declaration that he is such.

2. **Guaranty: PROPOSAL: NOTICE OF ACCEPTANCE: SCIENTER.** To hold one on a proposal of guaranty, notice of acceptance of such proposal must be given within a reasonable time or knowledge of such acceptance must be shown.

3. ———: ———: ———: **EVIDENCE: PAYMENT.** Acceptance of a proposal to gurantee further sales was not made until two years and eight months after the proposal. *Held,* the proposal did not bind though thereafter the defendant had paid for certain sales believing it was liable therefor on its guaranty.

Appeal from Barton Circuit Court.—*Hon. H. C. Timmonds,* Judge.

AFFIRMED.

*W. A. Leach* for appellant.

(1) Evidence of the statements, admissions and declarations of a party regarding his own agency, or authority, made out of the presence of the person for whom he assumes to act, is incompetent for the purpose of showing agency, or the scope of an agent's authority: Murphey v. Ins. Co., 83 Mo. App. 481; Bank v. Morris, 125 Mo. 343; Bank v. Leyser, 116 Mo. 51; Mitchum v. Dunlap, 98 Mo. 418; St. Joe Iron Co.

v. Halverson & Co., 48 Mo. App. 383; Mechem on Agency, sec. 100.

*Thurman, Wray & Timmonds* for respondent.

(1) Appellant held out J. H. LaRue as their agent, and he was fully authorized to act in the premises, but, if he was not fully authorized, appellants are estopped to deny such agency or the extent of his authority, since third parties were, by such holding out, induced to deal with him as agent. Story on Agency (9 Ed.), sec. 127; Sumner v. Saunders, 51 Mo. 89; Brooks v. Jameson, 55 Mo. 505; Johnson v. Hurley, 115 Mo. 520; Bank v. Insurance, 145 Mo. 138; Rice v. Groffmann, 56 Mo. 434; Mechem on Agency, secs. 83, 84; Summerville v. Railroad, 62 Mo. 391; Gerhardt v. Savings Institution, 38 Mo. 60; Hoppe v. Saylor, 53 Mo. App. 4. (2) While it is well-settled law that the declarations or admissions of an agent alone are not admissible to establish the agency, yet the agent's authority need not be proven by express contract or positive evidence, but such authority may be proven by the conduct of the parties and their habits and course of dealings. Mitchum v. Dunlap, 98 Mo. 418; Hoppe v. Saylor, 53 Mo. App. 4; Franklin v. Ins. Co., 52 Mo. 461; Cummings v. Hurd, 49 Mo. App. 139; Sharp v. Knox, 48 Mo. App. 169; Hull v. Jones, 69 Mo. 587; Ingalls v. Averitt, 34 Mo. App. 371; McGinness v. Mitchell, 21 Mo. App. 493; Brooks v. Jameson, 55 Mo. l. c. 512; Mechem on Agency, sec. 84. (3) A guaranty is a mere proposal or offer and there must be notice of acceptance of the guaranty given the guarantor by the creditor in order to make the offer of guaranty binding. The fact that the guaranty is received by the creditor and acted upon will not bind the guarantor. The guarantor is entitled to notice of acceptance so he may have opportunity to procure security or indemnity from his principal. Bank v. Shine, 48 Mo. 456; Taylor v. Shouse, 73 Mo. 361; Barker

Peninsular Stove Co. v. Adams Hardware Co.

v. Scudder, 56 Mo. 276; Sewing Machine Co. v. Jones, 61 Mo. 411; Tolman Co. v. Means, 52 Mo. App. 385; Mitchell v. Railton, 45 Mo. App. l. c. 281; Cole v. Long, 1 Mo. App. 215; Rankin v. Childs, 9 Mo. 673; Smith v. Anthony, 5 Mo. 504; Harvesting Co. v. Sulser, 78 Mo. App. 670; Edmonson v. Drake, 5 Pet. 624; Douglas v. Reynolds, 7 Pet. 113; Lee v. Dick, 10 Pet. 482; Reynolds v. Douglas, 12 Pet. 497.

BROADDUS, J.—The plaintiff is a corporation with its chief office or place of business in Detroit, Michigan. The defendants are co-partners doing business at Lamar, Missouri.

The plaintiff's cause of action in substance is that on February 10, 1896, the defendants, in order to procure credit for the Warn Hardware Company, a firm doing business at Ft. Scott, Kansas, executed and delivered to the plaintiff their written obligation by which they agreed to guarantee payment by the said Warn Hardware Company, for all goods which should be purchased by them from the plaintiff, and authorizing plaintiff to draw upon the defendants for all overdue accounts held by it against the said Warn Hardware Company. The plaintiff alleges that it accepted said guaranty and duly notified the defendants thereof; that relying upon said guaranty, it sold goods and wares to the said Warn Hardware Company to the value of $324.65, of which sum the said Warn Hardware Company paid $121.65, leaving due plaintiff $221.70 which defendants, on demand, refused to pay.

The answer of the defendants admits the execution and delivery of said guaranty, but denies that it was accepted by plaintiffs or that the defendants were notified of such acceptance. As a further defense they allege that the articles in controversy alleged to have been sold to said Warn Hardware Company were not so sold, but were sold to a certain Methodist Church at Ft. Scott, Kansas, by plaintiff's agent, one LaRue. There is the further fact set forth as a defense that said articles were not as represented by said LaRue, and as

they proved worthless, said church would not pay for them; but by reason of the conclusions hereinafter set forth, said allegation, and the evidence introduced to sustain it, will not be further noticed, and it is mentioned only for the purpose of showing why said church failed to pay for them, which failure gave rise to this controversy.

The evidence in the case showed that the letter of guaranty was written on the tenth day of February, 1896, and at once forwarded to the plaintiff, but that plaintiff never at any time gave notice to the defendants of its acceptance until October, 1898; that on August 17, 1897, the articles in question were sold, by LaRue to said Methodist Church; and that on October 19, 1899, the defendants sent a draft for $60.52 to the plaintiff for another account due it from said Warn Hardware Company, with a request that plaintiff send to them duplicate invoices of their account, and stating that when the same were approved by the Warn Hardware Company, the defendants would pay them.

Prior to the date of this letter, we gather inferentially from the record, the Warn Hardware Company had failed in business. In August, 1897, LaRue sold to said Methodist Church a furnace for the purpose of heating its building, at which time he represented that he was the agent for the sale of plaintiff's goods, at which time also he had in his possession some billheads and letterheads of the plaintiff, and model for a furnace. The plaintiff objected to the evidence of the declarations of LaRue that he was authorized as agent to make the sale. The objection was overruled and the plaintiff insists that it was error. The plaintiff's evidence was that he was not a sale agent, only a soliciting agent. It is very clear there was no delegated authority to said LaRue to make the sale, but the defendants contend the facts in evidence tend to show that plaintiff held him out as such agent. This, if true, would bind the company, notwithstanding he had no authority to sell. Johnson v. Hurley, 115 Mo. l. c. 520; Bank v.

Insurance Co., 145 Mo. l. c. 138; Summerville v. Railroad, 62 Mo. 391; Hoppe v. Saylor, 53 Mo. App. 4.

The foregoing statement shows that all the evidence that LaRue was agent for sales independent of his own statement, was that he had letterheads and billheads and models of furnaces in his possession, of the plaintiff's. We do not think that this was sufficient to authorize the conclusion that plaintiff was holding him out to the world as such agent. It was, if we are permitted to make a common-sense application, necessary for him to have those things in his possession, in order to obtain and forward orders to his principal, and no person of ordinary business intelligence, would be justified to conclude, from such *indicia* alone that he had the power to sell. And this was the only instance in which it was shown that he had these things while soliciting orders. If such a construction is to be placed upon such indications, then every traveling salesman, with power to solicit orders alone, may be held, from the first moment he seeks an order for a sale, as an agent with power of sale, for they carry with them letterheads, billheads for orders, and specimen of the goods their principals have for sale. The declaration of the agent LaRue, standing as it does practically alone, was no evidence of his agency as a salesman. Peck v. Ritchey, 66 Mo. 114; Williams v. Edwards, 94 Mo. 447; Dellecella v. Harmonie Club, 34 Mo. App. 179; Mechem on Agency, sec. 716.

But it is contended by the defendants that as the plaintiff failed to show that they gave notice of the acceptance of the said guaranty, they are not bound thereby. It is well established that in order "to make one liable as guarantor upon a proposal to guarantee payment for goods to be furnished by another to a third party, it must appear that notice was given of acceptance of the proposal." Taylor v. Showse, 73 Mo. 361; Davis Sewing Machine Co. v. Jones, 61 Mo. 409. But if "the guarantor knows as a matter of fact he is accepted as

such, he is bound. Knowledge is the material matter, no form or special channel of notice is needed." Tolman Co. v. Means, 52 Mo. App. 385, citing 1 Brandt on Suretyship and Guaranty, sec. 204. The notice of acceptance of guaranty, to bind the guarantor, must be given in a reasonable time. Mitchell v. Railton, 45 Mo. App. 273; Deering Harvester Co. v. Sulser, 78 Mo. App. 670.

The statement of fact shows there was no notice given to defendants prior to the sale of the articles in controversy, of the plaintiff's acceptance of said guaranty; but it is insisted that they had such notice, or knowledge, its equivalent, which was proved by the acts of the defendants who paid a certain other account in October, 1899, which the Warn Hardware Company had failed to pay. This payment was more than three years after the execution and delivery of the guaranty. However, on the eleventh day of October, 1898, the plaintiff notified defendants of the unpaid account of the Warn Hardware Company, now in suit, and that they relied upon them to make it good under their guaranty. This was two years and eight months after the guaranty was given, and about one year before defendants paid said other account. Evidently when defendants paid the same, it was in the belief that they were bound to pay it under their guaranty, but a payment under such circumstances would not make them guarantors, unless they so paid it, with the knowledge that the plaintiff had accepted them as guarantors, otherwise the payment would be voluntary only. Standing alone, can it be considered as any evidence of knowledge, as against the silence of the plaintiff on the question, and the uncontradicted evidence of the defendants' secretary and treasurer, Charles Gunn, to the contrary? Substantially it had no probative force.

It is true said Gunn stated that he paid said other account because, as he said, "we had assumed it." They were acting under the belief that they were bound by their guaranty, notwithstanding they had received no notice of its acceptance.

And this might very well have been the case, as defendants were not lawyers, and it is also reasonable to conclude that the plaintiff's agents were equally, as a matter of fact, laboring under the impression that the written guaranty in the hands of plaintiff, without notice to defendants of its acceptance, was a valid security for goods sold to the Warn Hardware Company. Ignorance of law, although lamentably prevalent, is no excuse for any man, yet it may, and does often, account for his actions. We believe the record in this case shows that both plaintiff and defendants were unaware of their rights under this guaranty. And the fact that the defendants paid the one account, under the belief that they were bound under their guaranty, is no argument that they were so bound in the absence of all pretense that they had ever had any notice of its acceptance. No one of the plaintiff's officers or agents offered to testify, although its chief manager was a witness, that there had ever been any communication with defendants in reference to an acceptance of their guaranty. Plaintiff called said Gunn, one of the defendants and the secretary and treasurer of the firm, to testify, and his evidence was that no notice was ever given and no knowledge ever came to the defendants that their guaranty had been accepted. In introducing him it vouched for his credibility, but was not bound by his testimony, and was at liberty to show otherwise, but as it did not attempt to do so his evidence stands uncontradicted that there was no notice or knowledge of acceptance of the said guaranty.

And as the defendants' proposal was to guarantee to plaintiff payment for future sales of goods by it to the Warn Hardware Company, and was of no force whatever until accepted and notice given of such acceptance (or knowledge) within a reasonable time, we hold that notice of such acceptance given after the expiration of two years and eight months, would not bind them as guarantors. We hold under the evidence the plaintiff was not entitled to recover, and that de-

fendants' demurrer to plaintiff's case should have been sustained. As the plaintiff had no case under the testimony, the error of admitting proof of the declaration of LaRue as to his agency becomes immaterial; the verdict was for the right party.

Cause affirmed. All concur.