DAVIS SEWING MACHINE COMPANY, Appellant, *vs.* SAMUEL JONES, *et al.*, Respondents.

1. *Guaranty—Notice of acceptance, when unnecessary.*—A mere proposal to guarantee a contingent liability is not binding on the guarantor unless he is notified of its acceptance. But where one directly binds himself to be responsible for the fulfilment of another's contract already made, and within his knowledge,when he signs his obligation, no such notice is necessary.

*Appeal from Henry County Court of Common Pleas.*

*Ladue & Fyke,* for Appellant.

In this case no notice of acceptance was necessary. The contract was complete at the time defendants signed it. It was absolute on its face. It created an original liability on their part. There is a distinction between a mere offer to guaranty, and an absolute guaranty, and this distinction is recognized in all the cases decided by this court. (Smith vs. Anthony, 5 Mo., 504; Central Savings Bank vs. Shine, 48 Mo., 456; Vyze vs. Wakefield, 6 Mees. & W., 442; Barker vs. Scudder, 56 Mo., 272.)

*J. B. Gantt,* for Respondents.

The guaranty was not absolute. The guarantors here had no knowledge that Hershey would even default; or for how much, or when, and no knowledge that they were accepted. Hence, Barker vs. Scudder (56 Mo., 272) is not applicable. This case is precisely like those of Rankin vs. Childs (9 Mo., 673) and Cent. Sav. Bk. vs. Shine (48 Mo., 456).

NAPTON, Judge, delivered the opinion of the court.

This was an action on the following guaranty:

"For value received, we hereby guarantee to the Davis Sewing Machine Company, of Watertown, New York, the full performance of the foregoing contract on the part of C. H. Hershey, and the payment by said Hershey of all indebtedness, by account, note, endorsement of notes, or otherwise, which may arise under this contract from said Hershey to said

Davis Sewing Machine Company, to the amount of six hundred dollars.

Dated at Clinton, this 2nd Dec., 1871.

　　　　　　　　　Signed, SAMUEL JONES,

Witness : A. W. Davis.　　　　　　A. P. TROWEN & BRO.

This was appended to a written contract between the Sewing Machine Co. and Hershey, in which the former agreed to furnish the latter with machines, etc., to be sold on certain terms, and the profits to be divided in a manner designated.

The suit against the defendants alleged an indebtedness on the part of Hershey on this contract, and his failure to pay, and sought to hold the defendants responsible.

On the trial the court gave the following instructions :

1. "If you believe from the evidence that the defendants, Trowen and Jones, signed the guarantee for the performance of the contract on the part of Hershey, between C. H. Hershey and plaintiff, which was read in evidence, and had reasonable notice that the same was accepted by plaintiff, and that under said contract plaintiff sold to Hershey sewing machines, parts thereof, and accessions thereto, and that said Hershey has failed to pay for said machines, you will find for plaintiff whatever sum you may believe from the evidence that Hershey is and was indebted for to said company under said contract, not exceeding $600."

2. " Where the contract of guarantee is in writing and absolute on its face, and contains no intimation or desire for specific notice of acceptance, the jury are authorized to find that the guarantor had reasonable notice, that the same was accepted and acted upon, unless he is informed to the contrary."

3. "Unless the jury are satisfied from all the facts and circumstances detailed in evidence, that plaintiff, before the sale of the said sewing machines to said Hershey, if any such sales were made, did accept such guarantee, and that defendants had notice thereof in a reasonable time thereafter, they will find for defendants."

The verdict was for defendants.

The contract of guarantee was executed on the same day with the contract between Hershey and the Sewing Machine Co., and was in fact appended to it.

It has been long settled in this State, that a mere proposal to guarantee a contingent liability is not binding on the guarantor, unless he is notified of its acceptance. (Smith vs. Anthony, 5 Mo., 504; Rankin vs. Childs, 9 Mo., 673; Central Savings Bank vs. Shine, 48 Mo., 456.) But it is also settled that where a party directly binds himself to be responsible for the fulfillment of another's contract already made, no such notice can be necessary. In fact, the delivery of the contract and the guaranty with it, is an acceptance. (Barker vs. Scudder, 56 Mo., 276.) Of what was the guarantor to be notified? The agreement between the two parties to the contract, the performance of which on one side is guaranteed, is before the guarantor when he signs his obligation to be responsible, and is referred to in his guarantee. He knows exactly the extent of his responsibility, just as well as the party who asks the security. Whether either party to the original contract will comply with his engagements is in the future, but what the responsibility of the guarantor will be in either event is a matter fixed and certain. There was no question of notice or acceptance in this case.

The judgment must be reversed and the cause remanded. The other judges concur.