TAYLOR, *Plaintiff in Error*, v. SHOUSE.

1. **Guaranty**: PROPOSAL TO GUARANTY. To make one liable as guarantor upon a proposal to guaranty payment for goods to be furnished by another to a third party, it must appear that notice was given of acceptance of the proposal.

2. ———: EVIDENCE. In an action brought to charge as guarantor the maker of an instrument which, by its terms, was only a proposal to guaranty the performance of a contract to be made in the future, evidence was offered to show that the instrument was executed in pursuance of an agreement previously made between the principal parties to the transaction. But there was nothing to show that defendant, when he became bound, knew of such agreement. *Held*, that the evidence was inadmissible.

*Error to Jackson Circuit Court.*—HON. SAMUEL L. SAWYER, Judge.

AFFIRMED.

*A. M. Allen* and *W. E. Hall* for plaintiff in error.

1. The court erred in excluding the letter of Whitney to Taylor, dated March 24th, 1873. It tended to show that the letter of guaranty was the result of a previous arrangement between Whitney, Taylor and Shouse, and a circumstance tending to show that Shouse had previously agreed to sign the letter of guaranty in case Taylor would give the thirty days' credit.

2. Shouse was not entitled to notice. He guaranteed payment of a particular sum at a given time; his undertaking was absolute. *Davis S. M. Co. v. Jones,* 61 Mo. 409; *Smith v. Dann,* 6 Hill 543; *Barker v. Scudder,* 56 Mo. 272; *Dunbar v. Brown,* 4 McLean 166; Brandt on Suretyship and Guaranty, 238; *Jones v. Williams,* 7 M. & W. 493.

*Lathrop, Gill & Smith* for defendants in error.

The instrument sued on is nothing more than a proposal to guaranty to the extent therein named. Shouse was, therefore, entitled to notice of acceptance. *Central Savings Bank v. Shine,* 48 Mo. 456; *Rankin v. Childs,* 9 Mo. 665; *Smith v. Anthony,* 5 Mo. 504; *Reynolds v. Douglass,* 12 Peters 497; 2 Parsons on Contracts, (5 Ed.) 12, 13; Brandt on Suretyship and Guaranty, § 158, 159.

HOUGH, J.—This was a suit against the administrators of D. L. Shouse, on the following instrument of writing:

" In consideration that J. P. Taylor, of Marshall, Missouri, and Olathe, Kansas, will give to Charles Whitney, of the county of Jackson, and State of Missouri, thirty days' time in which to pay for 500,000 hedge plants, we hereby guaranty to said J. P. Taylor the payment of

any and all bills for hedge plants he may furnish on the order of said Charles Whitney, during the spring of 1873, and all necessary costs and expenses, if any, which he may incur in the collection of the same, or for boxes furnished to ship the same, etc.; also all notes given said J. P. Taylor by said Charles Whitney, on account of hedge plants furnished, to these tenor and effect, in all not to exceed the sum of $550.    March 31st, 1873.

(Signed)                     Wm. M. Clark,

D. L. Shouse."

The testimony tends to show that Shouse signed this instrument at Kansas City, on the 29th day of March, 1873; that Whitney sent the same, by mail, on the 31st day of March, to Taylor at Olathe, Kansas, twenty-five miles from Kansas City.  Shouse was taken sick on the 30th day of March, was totally incapacitated for business on the 31st, and died on April 1st, 1873, at 1:30 a. m. There is no evidence that Shouse ever had any notice of acceptance of the terms of this instrument.  No instructions were asked by either party at the trial, and none were given.  The court found for the defendants.

The instrument sued on is not a guaranty of performance of a contract already entered into, as was the case in *Davis Sewing Machine Co. v. Jones,* 61 Mo. 409, but it is, by its terms, a proposal to guaranty payment by Whitney to a designated amount, for such hedge plants as Taylor " may furnish " him, upon the condition that Taylor " will give " Whitney credit for a certain time.  In such cases notice of acceptance is necessary in order to bind the guarantor.    *Central Savings Bank v. Shine,* 48 Mo. 456; *Rankin v. Childs,* 9 Mo. 665; *Smith v. Anthony,* 5 Mo. 504; Brandt on Suretyship and Guaranty, §§ 158, 159.

The letter written by Whitney to Taylor on the 24th day of March, 1873, requesting the shipment of 500,000 plants, and stating that he supposed a letter

1. GUARANTY: proposal to guaranty.

2. ——: evidence.

from Mr. Shouse, saying he will guaranty the payment of the amount in thirty days, would be sufficient, was properly excluded from the jury. No testimony was offered tending to show that Shouse knew Whitney had written such a letter, or that he had knowledge of any existing agreement between Taylor and Whitney, to which the instrument sued on was intended, or could be made to apply. Besides, the undertaking of a guarantor cannot be extended by implication where his intention is clearly expressed in the written guaranty. *Shine v. Central Savings Bank*, 70 Mo. 524. The judgment of the circuit court will be affirmed. The other judges concur.