## N. O. NELSON MANUFACTURING CO., Respondent, v. CYRUS D. SHREVE, Appellant.

### St. Louis Court of Appeals, May 13, 1902.

1. **Guarantor:** NOTICE OF GUARANTOR OF ACCEPTANCE: CREDITOR. Where a guarantee is given in response to a request for it by the creditor, no notice to the guarantor that he has been accepted is necessary to bind him.

2. ———: ———: EVIDENCE. Where a guarantor offers to become liable for a third party's obligation, and the facts show that he has actual notice that his offer has been accepted, no formal notice of acceptance is necessary to bind him.

3. ———: ———: CONTRACT OF GUARANTYSHIP, KNOWLEDGE OF GUARANTOR. In an action on a contract of guaranty, letters addressed to the principal debtor by the creditor with respect to the guaranty are admissible as tending to prove the contract between the parties, where it appears that they were shown to the guarantor, or that the contents were communicated to him.

4. ———: ———: ERROR: INSTRUCTION: ACTION: PRACTICE. In an action on a guaranty a charge that if plaintiff, within a reasonable time, notified defendant of his acceptance as guarantor, defendant was liable, was error where the uncontradicted evi-

dence showed that plaintiff did not notify defendant of his accept-
ance.

5. Instruction: ERROR: PRACTICE, TRIAL. Refusal of a requested
instruction is not .ground for reversal where one more favorable
to appellant was given by the court at his request.

6. Guarantor: INSOLVENCY OF DEBTOR.: NOTICE: BURDEN OF
PROOF: PRACTICE, TRIAL. Where a guarantee relies on the
insolvency of the principal debtor, as an excuse for not notifying
the guarantor of demand of payment and default, the burden is on
him to show it.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,*
Judge.

REVERSED.

*James W. Reynolds* for appellant.

(1)   If the respondent really accepted defendant's offer
of guaranty made June 28, 1899, the law required it to
notify defendant of its acceptance within a reasonable time
thereafter, and its failure to do so defeats recovery in this
case.   Rankin v. Childs, 9 Mo. 673; Smith v. Anthony, 5
Mo. 503; Bank v. Shine, 48 Mo. 456; Taylor v. Shouse, 73
Mo. 361; Mitchell & Bro. v. Railton, 45 Mo. App. 273; Brant
on Suretyship and Guaranty, sec. 97; Tiedeman Commercial
Paper, sec. 420.   (2)   It was respondent's duty to give de-
fendant "immediate notice" of the acceptance of his offer of
guaranty. ` Russell v. Clark, 7 Cranch 92; cited approvingly
in Rankin v. Childs, 9 Mo. 673.   It can not be claimed that
he had knowledge of the acceptance of his offer of guaranty
and therefore notice was unnecessary, as there was no evidence
of this.   Tollman v. Means, 52 Mo. App. 385.   (3) ` All the
bills matured in thirty days.   The first item was September
20 and the last November 24.   It was the duty of plaintiff
to present those bills to I. C. Shreve for payment and upon
his refusal to at once so notify defendant.   The plaintiff hav-

ing failed to do this can not recover in this cause. Rankin v. Childs, 9 Mo. 681. There is only one exception to this rule and that is where the principal to whom the goods were sold was notoriously insolvent. 14 Am. and Eng. Ency. of Law (2 Ed.), p. 1151; Rankin v. Childs, 9 Mo. 681. (4) Burden of proving insolvency is on plaintiff. 11 Am. and Eng. Ency. of Law (2 Ed.), p. 1155.

GOODE, J.—Respondent alleged that it sold to one Isaac C. Shreve, on a credit of thirty days, certain goods, wares and merchandise of the value of four hundred and twelve dollars and sixty-two cents, and attached an itemized account thereof to the petition; that the defendant in consideration that plaintiff should sell to said Isaac C. Shreve said goods, wares and merchandise, promised in writing to be responsible for the payment by Isaac C. Shreve of the prices of said merchandise; that the merchandise was sold and delivered on the faith of defendant's guaranty, and plaintiff duly notified defendant thereof; that when due payment of the account was demanded of the debtor and he failed to pay the same, as to all of which defendant had notice; that Isaac C. Shreve was at the time and still is insolvent; whereby defendant became liable to pay the indebtedness he had guaranteed, but though often requested, failed and refused to pay it.

Defendant answered, admitting the execution of the instrument of guaranty, but averring that plaintiff did not notify him in a reasonable time that he had been accepted as guarantor, and that he had no knowledge or information that he had been so accepted until the nineteenth day of January, 1900; further, that he received no notice of the presentation of plaintiff's account, or any of the bills composing the same, to Isaac C. Shreve and of his failure to pay, until long after the bills were due, to-wit, the date last named.

Instruments similar to the one sued on have sometimes been held to be original promises; but the evidence shows this

undertaking was understood by both parties to be a guaranty of Isaac Shreve's account, and so both parties treat it, the plaintiff declaring on it as such. It was a letter addressed by Cyrus D. Shreve to the plaintiff of the following tenor:

"St. Louis, Mo., 6—28—'99.
"Messrs. N. O. Nelson Mfg. Co.,
        "St. Louis, Mo.

"Dear Sirs:—Your letter to my son is before me. In reply will say, you let him have such amount of goods as he needs until further orders and I will stand good to you for the same. Also what he owes you at the present time.
                "Yours very respectfully,
                        "C. D. Shreve."

All of the merchandise for the price of which this action was begun, was sold after the receipt of the aforesaid letter of credit, on different dates from the twentieth day of September, 1899, to the twentieth day of November. The letter appears to have been the outcome of a correspondence between the plaintiff and the principal debtor, Isaac C. Shreve, and the defendant, Cyrus D. Shreve. Isaac C. Shreve was engaged in the plumbing business in the city of Louisiana, Missouri, and had been trading with the plaintiff for some time, and in June, 1899, had a considerable account with it. He had no commercial rating, which caused the plaintiff, on the receipt of an order from him on the twenty-second day of June, to answer as follows:

"June 22, 1899.
"I. C. Shreve, Esq.,
        "Louisiana, Mo.

"Dear Sir:—We have your order of the 21st inst., which will receive our prompt attention.

"By referring to your account we find that you owe us a

balance on April account of $114.07, together with shipments made you during May and June, bringing the total amount up to date $265. You mentioned to the writer when you were in our office several days ago that Mr. C. D. Shreve had expressed his willingness to guaranty the payment of our account against you, and as it has now grown to be a right considerable amount, and we hope will be larger in the future, we would thank you to have him write us to that effect.

"Awaiting your reply, we are,

"Yours very truly,
"N. O. NELSON MFG. Co."

This letter was excluded by the circuit court, when offered by the plaintiff, on the defendant's objection that it was a copy and not addressed to the defendant, and that there was no evidence that defendant ever knew of it; but it and perhaps another letter or two passed between the parties prior to the one containing the guaranty which is the basis of the present action.

While notice of the *amount* of advances under a guaranty is sometimes required at the close of the transactions (Douglas v. Reynolds, 7 Peters 113, 12 Peters 497), in this case appellant counts only on the failure of the respondent to notify him it accepted his offer to guarantee his son's account and its failure to give him timely notice of his son's default as valid defenses and good causes for reversing the judgment, and only those points will be considered.

Generally speaking, it may be said that offers to guarantee the payment of future advances of money or property to a person must be accepted by the parties to whom they are made in order to charge the offerers with liability. Rankin v. Childs, 9 Mo. 665; Central Savings Bank v. Shine, 48 Mo. 456; Taylor v. Shouse, 73 Mo. 361. Two reasons are assigned for this rule: one is that a guarantor is entitled to notice of acceptance in order that he may have a clear knowledge of

his relations to the principal debtor and to the creditor, and take such precautions to protect himself from loss as may be possible and proper. The other reason is that notice of acceptance is necessary in order to show the minds of the offerer and of him to whom the offer was made met and united in a contract; for possibly the offer to guaranty may not be assented to or acted upon. Both reasons are accepted as satisfactory by most courts of this country as to the propriety of the rule as it generally obtains; but like all legal rules, it is qualified by circumstances and exceptions are allowed when the reasons for observing it fail. Occasionally the facts show the minds of guarantor and guarantee met without a formal notice of acceptance of the proposal by the guarantee, and also that the guarantor knew his proposal had been acted on and he had thereby become responsible; as when his promise was simultaneous with the grant of credit. Whenever it is apparent the guarantor had full knowledge of those facts without actual notice from the guarantee, such notice is not essential to render the former liable. White v. Reed, 3 Conn. 457; Noyes v. Nichols, 28 Vt. 159. One of such exceptions and the one with which we are at present concerned, is where the guaranty is given in response to a request for it by the creditor. In such instances the answer of the guarantor agreeing to become responsible for the money to be loaned or merchandise sold on credit to another party, at once concludes the contract and proves the guarantor knew he had assumed responsibility. Davis v. Wells, 104 U. S. 159; Cook v. Orne, 37 Ill. 186; Dover Stamping Co. v. Noyes, 151 Mass. 342.

Furthermore, when the guarantor himself makes the proposition to become liable for a third party's obligation and there is no formal acceptance of the offer by the creditor of such third party, but the facts disclose that the guarantor knew his offer had been acted on so that he became responsible, want of notice of acceptance does not defeat the right of the creditor to recover on the contract. This is true, because,

as said, all that is necessary is knowledge on the part of the guarantor that he has been accepted as such.    Tolman Co. v. Means, 52 Mo. App. (K. C.) 385.

In attempting to apply the foregoing rules to the determination of the present case, we are embarrassed by the failure of the evidence contained in the record to show just what led up to appellant's offer to stand good for his son's account.    As has been stated, the court excluded the letter addressed to Isaac C. Shreve by the Nelson Manufacturing Company, requesting him to procure his father's guaranty; but the letter of guaranty itself begins by saying that either that letter or some other letter on the subject, addressed by the respondent to Isaac C. Shreve, was before the appellant when he wrote.    Whatever letter or letters were addressed to his son on that subject by the respondent and shown to the appellant, were competent as tending to prove the contract between the parties; and if they were not shown to him but their contents communicated, this was also competent to be proved.    It is plain the appellant knew the respondent was asking that his guaranty be obtained as a condition to credit being extended to his son, and evidence to establish that fact, if offered in proper form, should have been received; because if the appellant knew of that request and wrote the letter of credit in response to it, those facts bring his contract within the above rule which dispenses with notice of acceptance by the guarantee when the offer of guaranty is made in response to his request.    Appellant must have understood that further credit was being denied his son unless he would stand good for his account; at all events, there was evidence to go to the jury that he knew his offer had been accepted and credit granted thereon, and we overrule the appellant's exception to the following instruction given by the court:

"If the guaranty was in fact accepted by the plaintiff and knowledge of such acceptance of it was in fact brought home to the defendant, it is sufficient without proof of notice

from the guarantee. If the jury find that defendant had knowledge of the acceptance, if any, of the guaranty, no special notice of the acceptance of the guaranty or the offer of guaranty was necessary."

That instruction is sound law.

We are unable, however, to approve of the giving of the following instruction:

"The court instructs the jury that if you believe from all the evidence in the cause that the defendant executed the guaranty filed herein and that within a reasonable time thereafter plaintiff notified defendant of the acceptance thereof an u further find from the evidence that plaintiff relying o₁ ₃aid guaranty thereafter sold and delivered the goods mentioned in the account attached to the petition to Isaac C. Shreve and that said Isaac C. Shreve failed to pay for said goods, and that within a reasonable time thereafter plaintiff notified defendant thereof then your verdict should be for the plaintiff for such sum as you may find from the evidence was the reasonable market value of said goods with interest thereon at the rate of six per cent from May 12, 1900."

That charge would have been well enough if there had been any evidence on which to base it; but not only was there no proof that plaintiff notified defendant of the acceptance of the guaranty, but the uncontradicted affirmative proof is that it did not; nothing was written to the defendant by the plaintiff, after the receipt of defendant's aforesaid letter that he would stand good for his son's account, until the nineteenth day of January, thereafter, when he was asked to pay it. So, if the plaintiff's case stands on a formal notification of its acceptance (that is, if the evidence fails to show, in the opinion of the triers of the facts, that the guaranty was made in response to plaintiff's request, or that defendant had actual knowledge that it had been accepted and acted upon) it must fail. On the evidence contained in the present record, that theory of recovery was improperly submitted to the jury.

Complaint is also made of the refusal of the court to charge the jury that if they found the bills of goods were sold on thirty days' time, and plaintiff did not notify the defendant soon after they fell due, or within a reasonable time, that they had been presented to the principal debtor, Isaac Shreve, for payment, and payment had not been made and the defendant had suffered loss or damage thereby which would have been avoided if he had been so notified, the verdict should be for the defendant.

Justice STORY said in Wildes v. Savage, 1 Story 22, in discussing the three notifications referred to in Douglas v. Reynolds, and particularly that one requiring information to be communicated to the guarantor of the extent of credit allowed on the strength of his obligation (a rule not universally accepted, by the way): "All such cases must stand upon their own circumstances and do not seem to furnish just grounds for a general rule." In the case in hand, it is apparent that each bill was a separate credit falling due at a separate date and needing special attention to its collection. Just when there should be no more credit granted or what maximum of credit should be granted, was not fixed, for appellant's letter was for credit to an indefinite amount. Those transactions, therefore, constituted no such running account as authorized the respondent to wait until all affairs between it and Isaac Shreve were closed before demanding payment of any bill and notifying appellant of a default. That course might altogether defeat the purpose of giving notice of default; namely, to enable a guarantor to stop the advances and take steps to save himself from loss. The court, however, gave a much more liberal instruction than the one refused on the same subject, and that, too, at the appellant's request; an instruction in all respects the same as the refused one except that it directed the jury to find a verdict for defendant, if defendant was not notified within a reasonable time of the demand for payment when the bills became due and of Isaac

Shreve's default, *without the qualification that they must like-wise find defendant had suffered damage from not being noti-fied* in order to exonerate him.    It is plain, therefore, that appellant has no ground of complaint because of said refused instruction, as one more favorable to him was given : one, too, of which the plaintiff might justly have complained if it had .adduced any evidence to show the failure to give notice of default was harmless.

As the case must be retried because of the erroneous in-struction considered above, something more should be said in regard to the duty of the respondent to inform the appellant of the default.    There is no claim that appellant had any means of preventing or minimizing his loss if his son was insolvent when the first bill matured and thereafter, and, hence, the real questions in this connection are:    First, was notice of default unreasonably delayed provided Isaac Shreve was insolvent ?    Second, was there any evidence tending to prove he was insolvent ?    Third, was it necessary for the plaintiff to prove that, or incumbent on the appellant to show he was injured by lack of notice—that is to say, was the burden on the respondent to show appellant was not injured, or on him to show he was ?

No notice of the son's failure to pay was given to the appellant until the letter of the nineteenth day of January, 1900, was sent him, and as some of the bills of goods had been overdue since the latter part of October, the jury, to whom it seems this question must be referred (Central Savings. Bank v. Shine, 48 Mo. 456), might have found that timely notice was not given to the appellant of the default.    Neither was there proof that appellant knew of the default.

It must be admited that evidence to prove Isaac C. Shreve's insolvency was lacking.

On the question of whom the burden of proof rests on as to whether a guarantor was injured or not by lack of notice of default, the decisions are contradictory, with the weight of

authority perhaps, in favor of the rule that the guarantor must establish that he sustained injury. But the opinion in Rankin v. Childs, 9 Mo. 665, imposes the burden of proving the insolvency of the principal debtor, as an excuse for not notifying the guarantor of the demand of payment and default, on the guarantee. It is said in that case:

"But there is no evidence whatever tending to prove a prior demand of payment and refusal to pay on the part of McCourtney and notice of that demand and refusal given in a reasonable time thereafter to Childs. Proof of such notice is absolutely necessary to charge Childs upon his guaranty unless the plaintiffs can show that McCourtney was insolvent and that Childs was apprised of their failure to give him such notice."

We feel bound by that decision.

The judgment must be reversed and the cause remanded. It is so ordered. *Bland, P. J.,* and *Barclay, J.,* concur.