JOHN DEERE PLOW COMPANY, Appellant, v.
WARREN McCULLOUGH, Respondent.

**Kansas City Court of Appeals, November 9, 1903.**

1. **Guaranty: ACCEPTANCE: NOTICE.** If a guaranty is signed by
the guarantor without request of the other party and in his absence,
for no consideration except future advances to the principal debtor,
it is in legal effect a proposal on the part of the guarantor and
needs an acceptance by the other party with notice thereof to com-
plete the contract.

2. ———: ———: ———: EVIDENCE. Though a guarantor is not
formally notified of the acceptance, he may be shown to have knowl-
edge that he·was in fact accepted as such; but the evidence in this
case is *held* insufficient to show any such knowledge.

3. **Evidence: DECLARATIONS OF THIRD PARTY: ADMISSIBIL-
ITY.** The declarations of a third party are not admissible in evi-
dence to bind a party to a contract.

4. **Guaranty: ACCEPTANCE: NOTICE: PLEADING: EVIDENCE.**
Notice of acceptance to a guarantor or knowledge thereof by him
should be pleaded; otherwise evidence relating thereto is without
the issues.

Appeal from Grundy Circuit Court.—*Hon. P. C. Stepp,*
Judge.

AFFIRMED.

*Wattenbarger & Bingham, John M. Campbell,
Seneca N. Taylor* and *Hall & Hall* for appellant.

(1)    The court erred in giving the peremptory in-
struction in the nature of a demurrer at the close of the
evidence offered by plaintiffs, and in refusing to submit
the whole case to the jury under the pleadings and evi-
dence. Young v. Webb City, 150 Mo. 333; Bank v. Simp-
son, 152 Mo. 638; Buckley v. Kansas City, 156 Mo. 16;

Pauck v. Dressed Beef & Prov. Co., 159 Mo. 467; Dorsey v. Railway, 83 Mo. App. 528; Steube v. Iron & Foundry Co., 85 Mo. App. 640; Taylor v. Short, 38 Mo. App. 21; Mathews v. Railway, 26 Mo. App. 75; Baum v. Fryrear, 85 Mo. 151; Deere v. Plant, 42 Mo. 60.    (2)  In deciding whether the plaintiffs' case should have been submitted to the jury, they are entitled to the most favorable interpretation of the facts that can be reasonably put upon them, as well as to every fair inference from those facts. Keown v. Railroad, 141 Mo. 86; Roe v. Annan, 90 Mo. App. 198; Kattelmann v. Fire Ass'n, 79 Mo. App. 447. The view of the evidence most favorable to the plaintiffs must be adopted.   Schermerhorn v. Herold, 81 Mo. App. 461; Routsong v. Railway, 45 Mo. 236.    (3)  No notice of acceptance to the guarantor by the guarantee was necessary.   Globe Ptg. Co. v. Bickley, 73 Mo. App. 499; Mitchell & Bro. v. Railton, 45 Mo. App. 273; Barker v. Scudder, 56 Mo. 272; Brandt on Sur. and Guar. (1 Ed.), sec. 103; Davis v. Wells, 104 U. S. 159; Pingrey on Sur. and Guar., sec. 348; Platter v. Green, 26 Kan. 252; Case v. Howard, 41 Iowa 479; Crittenden v. Fiske, 46 Mich. 70; Bank v. Sinclair, 60 N. H. 100; Nagle v. Sprague, 63 Ill. App. 25; Hurley v. Fidelity & Deposit Co., 95 Mo. App. 88; Jewelry Co. v. Bertig, 81 Mo. App. 393-398.    (4)   The trial court erred in refusing to permit plaintiffs to prove that King had turned over to defendant his stock, notes and book accounts to secure him, for the reason that the same was competent as a circumstance tending very strongly to show that the defendant had notice of the acceptance of the guaranty, if notice was required, and of his liability thereunder.   Notice may be inferred.   Davis v. Wells Fargo Co., 104 U. S. 179; Reynolds v. Douglass, 12 Peters (U. S.) 504; Talmon Co. v. Means, 52 Mo. App. 385-389; Brandt on Sur. & Guar., sec. 204.

*Harber & Knight* and *Wilson & Clapp* for respondent.

(1)    A mere proposal to stand as a guarantor for future credit or advances, in order to become a binding contract, must be accepted by the guarantee and the guarantor notified thereof within a reasonable time. Smith v. Anthony, 5 Mo. 504; Rankin v. Childs, 9 Mo. 673; Bank v. Slime, 48 Mo. 456; Taylor v. Shouse, 73 Mo. 361; Harvester Co. v. Sulser, 78 Mo. App. 670; Machine Co. v. Richards, 115 U. S. 524.    (2)    Every fact which plaintiff must prove to maintain his suit must be alleged.    Pier v. Heinrichoffen, 52 Mo. 333; Scott v. Robards, 67 Mo. 289; Lanitz v. King, 93 Mo. 513; Rogers v. McCraw, 61 Mo. App. 407; Harrison v. Railroad, 50 Mo. App. 332.    (3)    A guaranty when addressed to a particular party can only be acted upon and enforced by such party.    The guarantor will not be held to answer except upon the strict terms of his obligation, which will not be extended by construction or implication beyond the precise terms of the instrument; and when that is free from ambiguity, it is the sole criterion to fix the limits of his engagements. Mitchell v. Railton, 45 Mo. App. 273, and cases cited.

ELLISON, J.—This is an action on a contract of guaranty.    The trial court sustained a demurrer to the evidence introduced in plaintiff's behalf, and judgment was rendered for defendant.

It appears that one J. L. King contracted with Mansur & Tebbetts Manufacturing Company of St. Louis for a number of their vehicles.    The contract provided for modes of payment by King and for notes he should give at times mentioned therein.    Defendant by his writing guaranteed the payment for such goods and such notes as might be given under the terms of the contract.    The contract is dated January 18, 1901; and the guaranty is dated February 13, 1901.    An agent of Mansur & Tebbetts negotiated the contract with King at Milan, Missouri, a town situated at a distance from St. Louis, and it provided that it was accepted by the

agent subject to the approval of Mansur & Tebbetts. It was afterwards, on receipt of defendant's guaranty, approved by the company. But defendant was never notified of either the acceptance of the contract or the guaranty. The claim against defendant on the guaranty was afterwards assigned to this plaintiff.

The law of guaranty as applicable to the present disputants is stated by Justice GRAY in Davis Sewing M. Co. v. Richards, 115 U. S. 524, as follows:

"A contract of guaranty, like every other contract, can only be made by the mutual assent of the parties. If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract. But if the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is in legal effect an offer or proposal on the part of the guarantor, needing an acceptance by the other party to complete the contract." That case was cited and followed by us in Harvester Company v. Sulser, 78 Mo. App. 670. Those cases were much like the present one and probably influenced the trial court to some extent in sustaining defendant's demurrer. Recently, both this court and the St. Louis Court of Appeals have had occasion to consider the question again, and the same rule was announced. Peninsular Stove Co. v. Adams, 93 Mo. App. 237; Nelson Mfg. Co. v. Shreve, 94 Mo. App. 518.

Plainly, the guaranty shown by plaintiff required a notice of acceptance. The contract itself, as made by King and the agent of Mansur & Tebbetts Company was conditioned that it must be afterwards approved by the latter. The goods which were the foundation of the

guaranty were to be furnished in the future, and, as we have stated, the going into effect of the contract itself depended upon the subsequent action of the company.

But plaintiff invokes the benefit of a rule of law which was stated by this court in Tolman Co. v. Means, 52 Mo. App. 385, that though a guarantor is not formally notified of being accepted, he may be shown to have knowledge that he was, in fact, duly accepted. In this case there was no evidence tending to show knowledge on the part of McCullough. Nor, do we consider that there was any proper offer to show such knowledge by evidence having a tendency in that direction. In one part of the testimony of the agent who negotiated the contract, there is an indefinite statement about a question which he put to defendant as to how King was getting along; and that defendant answered, all right, that the *lumber* business was good and "King was doing all right;" that he didn't have much but he was "standing behind him." All we can make out of this is a reference to some lumber business, a matter with which this case has no concern. But the only complaint made in the brief relates to another matter of evidence. It is claimed that the court refused to permit plaintiff to show that defendant had taken an assignment of all King's assets to secure himself, presumably on account of the guaranty. The question asked was: "What information, if any, did you get from Mr. McCullough or Mr. King — Mr. Winters, his attorney in regard to King's having turned the whole stock and everything, all of his assets, over to Mr. McCullough?" The question was not permissible under a familiar rule that the declarations of third persons ought not to bind the party in interest. What King or Mr. Winters may have said would not have shown anything against Mr. McCullough. The court remarked in ruling against the question that it did not make any difference. But it was proper to disallow the question.

Aside from this consideration, there was no notice

to McCullough, or knowledge by him, pleaded and therefore such knowledge or notice was really outside the issues of the case. And so, in point of fact, plaintiff regarded it at the trial; for the whole theory of plaintiff from the start has been that notice was not necessary, defendant's undertaking, as plaintiff contends, being an absolute guaranty taking immediate effect without notice.

We are satisfied the judgment rendered was the only one which could have resulted from the evidence, and it is consequently affirmed. All concur.