# PEARSELL MANUFACTURING COMPANY v. MARY JEFFREYS et al., Appellants.

**Division One, July 1, 1904.**

1. **GUARANTY PROPOSAL: Acceptance: Inference: Waiver.** A proposal to become a guarantor of the payment of another's debt never becomes a completed contract until it is accepted and notice of acceptance given the guarantor. Otherwise, the element of consent necessary to the validity of every contract is not present. But an acceptance and notice may be inferred if the circumstances justify the inference. And they may be waived, if a purpose to do so appears in the terms of the offer itself or in the conduct of the parties.

2. ——: ——: ——: ——: **This Case.** Plaintiff sent out a printed form of a contract by which in one part a prospective customer agreed to pay for whatever goods she bought within thirty days, and in the other part the defendants guaranteed the payment within thirty days of whatever goods were bought by her, and the natural inference to be drawn from the paper is that when signed and returned, if satisfactory, the goods would be shipped, and there was nothing on the face of the paper inviting an answer and nothing in the nature of the business to suggest that an answer was expected. They signed it for the purpose of enabling her to buy the goods, and that she did, and no objection was made until the bill for the goods was presented to them for payment. *Held,* that the circumstances of the case justified the inference, made by the trier of the fact, that the guaranty had been accepted by plaintiff.

3. ——: ——: ——: ——: ——: **Agency.** The guarantors in this case had no communication with the plaintiff, but the paper they signed was presented to them by their principal as a separate part of the paper containing her agreement to pay within 30 days. *Held,* that the plaintiff had the right to return its notice of acceptance through the same agent, and they are, therefore, chargeable with notice of what occurred thereupon between the plaintiff and their principal, and these are facts which will support a finding of fact that they had notice of the acceptance of their guaranty.

Transferred from Kansas City Court of Appeals.

CIRCUIT COURT JUDGMENT AFFIRMED.

*Frank W. Ashby* and *Paul D. Kitt* for appellants.

(1) The court erred in overruling defendants' objection to the introduction of evidence under the petition. The petition should aver that defendants were notified of the acceptance of the proposal to guarantee, it being essential to prove notice. All facts which constitute a cause of action must be stated. Scott v. Robards, 67 Mo. 289. Whatever is essential to be proved must be alleged. McConey v. Wallace, 22 Mo. App. 377; Pier v. Hienrichoffen, 52 Mo. 333. The omission of an essential averment is not cured by verdict. Furnishing Co. v. Wallace, 21 Mo. App. 128; Story v. Ins. Co., 61 Mo. App. 534. (2) The court erred in permitting plaintiff to introduce the instrument sued on in evidence over the objection of defendants. The instrument in itself created no liability in defendants, and before any liability could attach to defendants, plaintiff should show that the instrument had been accepted by it, and that notice of such acceptance had been given to defendants. There was no evidence in this case that plaintiff had accepted this proposal or that defendants had been notified of its acceptance, for which reason the instrument was incompetent and should not have been admitted in evidence. Taylor v. Cox, 16 Mo. App. 579. (3) The court erred in overruling defendants' demurrer to plaintiff's evidence. The instrument sued on being only a proposal to guarantee, plaintiff to make a case should have shown that defendants had notice of the acceptance of the proposal. This it failed to do. Not only did plaintiff fail to show notice to defendants of its acceptance, but failed to show any notice to defendants of the delivery of the instrument to plaintiff, or that any goods were sold by plaintiff to the principal debtor. Bank v. Gold-

stein, 86 Mo. App. 516; Harvester Co. v. Railstone, 78 Mo. App. 281; Taylor v. Shouse, 73 Mo. 361; Bank v. Shine, 48 Mo. 456; Rankin v. Childs, 9 Mo. 665; Smith v. Anthony, 5 Mo. 504; 1 Brandt on Suretyship and Guar. (2 Ed.), secs. 186-192; Allen v. Chouteau, 102 Mo. 309.

*Miller Bros.* for respondent.

(1) The paper signed by appellants was not an offer or proposition to guarantee, but a declaration that they will "guarantee the payment of each bill of goods Mrs. Mary Jeffreys may buy of plaintiff in thirty days," and it was defendants' duty to see that the bills were paid and not wait for plaintiff to notify them. Ptg. Co. v. Bickley, 73 Mo. App. 499. This is not a mere proposal to guarantee a contingent liability. The delivery of the contract and guarantee with it is the acceptance itself. Tallman & Co. v. Means, 52 Mo. App. 385; Barker v. Scudder, 56 Mo. 276; 1 Brandt on Guar. & Sur., sec. 103. No notice is necessary. Of what was the guarantor to be notified? The agreement between the two parties to the contract, the performance of which on one side is guaranteed, is before the guarantor when he signs his obligations to be responsible and is referred to in his guarantee. He knows exactly the extent of his responsibility, just as well as the party who asks the security. 61 Mo. 409; 71 Mo. 91; Weilandy v. Lemuel, 47 Mo. 322; Bray v. Kremp, 113 Mo. 352; Harrison v. Bartlett, 51 Mo. 170; Miller v. Breneke, 83 Mo. 163; Altum v. Arnold, 27 Mo. 264; Conran v. Sellew, 28 Mo. 320; Wilson v. Railroad, 46 Mo. 36; Cunningham v. Snow, 82 Mo. 587; Bethune v. Railroad, 139 Mo. 574.

VALLIANT, J.—This suit was begun in a justice's court, taken by appeal to the circuit court, where there was a judgment for $16.37 for the plaintiff, from which

the defendants appealed to the Kansas City Court of Appeals, where it was concluded that the judgment ought to be reversed and the cause remanded, but the judges of that court were of the opinion that their decision was in conflict with a decision of the St. Louis Court of Appeals, viz., Globe Ptg. Co. v. Bickley, 73 Mo. App. 499, and for that reason transferred the cause to this court for determination.

The suit is founded on an alleged contract in writing as follows:

"April 1, 1900, I, the undersigned agent for the Pearsell Manufacturing Company of Des Moines, Iowa, do hereby agree to remit amount due company of each order I buy of said company within thirty days after receiving said goods.

"MARY JEFFREYS, Agent.

"We the undersigned, have faith in the honesty and reliability of Mrs Mary Jeffreys and will guarantee the payment of each bill of goods said Mrs. Jeffreys may buy of said Pearsell Manufacturing Company within thirty days after receiving goods.

| Name. | Occupation. |
|---|---|
| "MR. GEORGE H. PARKER, | Cond'r C. M. & St. P. |
| "LEWIS S. PRENTISS, | Real Estate Agent. |
| "F. W. ASHBY, | Real Estate Agent." |

In the caption to the plaintiff's petition the style of the case is as follows: "Pearsell Manufacturing Co., plaintiff, v. Mrs. Mary Jeffreys, Geo. H. Parker, Lewis S. Prentiss and F. W. Ashby, defendants," but the contract declared on is not one alleged to have been made by Mrs. Jeffreys as principal and the other defendants as sureties, but it is the alleged contract of guaranty, and although Mrs. Jeffreys is named among the defendants in the caption, yet the petition states that she "is insolvent and suit against her would be unavailing." The answer begins: "Now this day come the defendants," etc., but the purport of it shows that it was in-

tended as the answer of the alleged guarantors only, and whilst the judgment is nominally against "the defendants," yet on the whole record it appears that Mrs. Jeffreys was ignored or overlooked, and the attorneys and court treated it as a suit against the alleged guarantors only, and so we will treat it, and when the word "defendants" is hereinafter used it will mean the alleged guarantors only.

The evidence for the plaintiff tended to show that the bill sued on was sent to the witness for collection, and he presented it for payment to the defendants Prentiss, Ashby and Parker, who admitted that they then knew that Mrs. Jeffreys had received the goods, but asked for time to enable them to try to collect it from her. Witness waited awhile, and then brought suit. Defendant Parker told witness that Mrs. Jeffreys was insolvent.

The evidence for defendants tended to prove that the body of the instrument sued on was a printed form sent out by the plaintiff, that it was presented to them by Mr. Parker, a son-in-law of Mrs. Jeffreys, with the request that they sign it. The paper in the form as presented to them called for payment for the goods within ten days from delivery, but they objected to that, as being too short a period, and interlined the paper to read thirty days, and then signed it, and returned it to Mr. Parker, and never saw or heard of it again until demand was made on them for payment of the bill sued on; they were never notified that the plaintiff had accepted their proposal to guarantee the payment of Mrs. Jeffreys' bill, or that any goods had been sold to her until the bill was presented to them for payment, a few days before the suit was brought; they denied that they acknowledged the debt or that they only asked time for payment.

The case was submitted to the court on the evidence, jury waived. There were no instructions asked or given. The result of the trial was as above stated.

The judgment in the case will depend on the answer to the question whether or not the written document and the attending circumstances constitute a complete contract of guaranty, or only a proposal which never became a contract. The circuit court took the view that it was a complete contract; the Kansas City Court of Appeals was of the opinion that the transaction never got beyond a mere proposal.

There was no evidence to show that between the time of the signing of the paper by the defendants and the day on which the bill was presented to them for payment, there had been any notice expressly given them that the plaintiff had accepted their guaranty.

It is as essential to a contract of guaranty, as it is to any other contract, that both parties agree to it; a proposal never becomes binding on the proposer until it is accepted.

The cases referred to in the opinion of Judge ELLISON for the Kansas City Court of Appeals in this case sustain this doctrine.

In Rankin v. Childs, 9 Mo. 665, it appeared that one McCourtney applied to the plaintiff for a bill of lumber and was told that security would be required; in a few days thereafter, he presented a bill of the lumber desired, signed by himself, and below his signature this: "I hereby guarantee the payment of the above bill. Wm. Childs." The lumber required was furnished to McCourtney on the bill, and Childs knew that it was furnished; he had no notice that his proposal to guarantee the payment of the bill had been accepted except such as might have been implied from the fact that the lumber was furnished and he knew it. There was no evidence that demand of payment had been made of McCourtney or that he was insolvent. The circuit court sustained a demurrer to the evidence and that judgment was affirmed. This court held that acceptance of the proposal to guarantee the bill and notice thereof were necessary to make it a binding obligation on

Childs, and in that connection, referring to the fact that Childs knew that the lumber was being furnished, the court said: "Whether that would constitute a sufficient notice of the acceptance of his guaranty, and that upon the faith thereof the plaintiffs were delivering the materials for the boat, ought to have been left to the jury." But the judgment was affirmed on the ground that there was no evidence that a demand of payment had been made on McCourtney or that he was insolvent. The point in that decision directly bearing on the case at bar is, that acceptance of the proposal and notice thereof to the proposer are essential to complete the contract, but such acceptance and notice may be inferred if the circumstances justify the inference.

In Bank v. Shine, 48 Mo. 456, the defendant wrote a letter to the president of the bank asking him to submit to his board a proposition to loan O'Neil & Co. $15,000, and that if the bank would make the loan he would hold himself responsible for the payment, and concluded with this: "If the Central can not conveniently make this advance, I will feel obliged to assist them in procuring it elsewhere." The court interpreted that to be a mere proposal and not binding until acceptance and notice. Indeed the concluding clause in the letter is in effect an invitation for an answer.

In Taylor v. Shouse, 73 Mo. 361, a paper of character similar to that in question was signed by the defendants' intestate on March 29; on the thirtieth he was taken ill, and on the thirty-first he was totally incapacitated for business, and on April 1 he died. The paper was mailed March 31 to plaintiff who lived in Kansas. The court held that there was no evidence that the intestate had any notice that his proposal had been accepted and he was not bound. There was no room for an inference of a notice in that case.

In Harvester Co. v. Sulser, 78 Mo. App. 670, the instrument sued on called for an acceptance and expressed that it was not binding until accepted.

In Bank v. Goldstein, 86 Mo. App. 516, the proposal was to guarantee loans to the amount of $2,000 that the bank might make within certain dates. Several months after the proposal was signed, but within the dates named, the bank advanced the party between seven and eight thousand dollars. No notice of acceptance of the proposal had been given the defendant and he had no knowledge that the bank had made the loans. The trial court gave a peremptory instruction for the defendant and the judgment was affirmed.

Whilst those cases hold that acceptance and notice thereof are necessary to convert the proposal into a contract, they do not place contracts of this kind outside of the rule which applies to all contracts, not wholly in writing, that the contract itself or an essential feature thereof may be inferred if the circumstances justify the inference.

In Parsons on Contracts it is said : ''The contract of guaranty, like every other contract, implies two parties, and requires the agreement of both parties to make it valid. In other words, a promise to pay the debt of another is not valid unless it is accepted by the promisee. Language is sometimes used by courts and legists which might seem to mean that there were cases of guaranty which need not be accepted; but this is not accurate; there are cases in which this acceptance is implied and presumed; but there must be acceptance or assent, expressed or implied, or there can be no contract. . . . The principle which underlies the whole law of guaranty is that this contract, like every other, must be known to the parties to it. Still, this knowledge need be only a reasonable knowledge; and we understand the courts which hold that notice of acceptance is not always necessary, to mean only, that where an offer to guarantee is absolute, and contains in itself no intimation of desire for specific notice of acceptance, it may be supposed that the offerer has a reasonable knowledge that his guaranty is accepted and acted upon unless he is

informed to the contrary." [2 Parsons on Contracts (9 Ed.), *12.]

In a note to the text is a very learned discussion of the subject and review of the decisions by the editor, in which he says:

"Every contract does not need notice of acceptance. Upon performance of the act requested in the offer of a unilateral contract the obligation of the offerer becomes complete, the performance itself indicating acceptance. . . . And such an offer may be addressed to the public generally, as an offer of reward usually and a letter of credit frequently is."

Holding now, as this court has always held, that acceptance and notice in such case are necessary, yet we also hold that acceptance and notice may be inferred if the circumstances justify the inference, or they may be waived if a purpose to do so appears in the terms of the offer itself or in the conduct of the parties.

Let us now turn to the facts of the case in hand. Here was a printed form of a contract sent out by the plaintiff to a prospective customer. It is clumsily drawn, confusing the character of agent with that of purchaser, yet it carries the idea that Mrs. Jeffreys is to buy goods on a credit of thirty days and the payment is to be guaranteed by her friends, she is to sign it in one part and they in another part. The natural inference is that when signed it is to be returned to the plaintiff and if satisfactory the goods will be furnished. There is nothing on the face of the paper inviting an answer and nothing in the nature of the business to suggest that an answer is expected. These defendants furnished Mrs. Jeffreys with this document for the purpose of having her present it to the plaintiff and obtain goods on the faith of it; they heard nothing of it afterwards, and made no inquiry about it; they doubtless inferred that it had been accepted and acted upon and the circumstances of the case justified that inference.

But there is another fact in this case that bears on

the question of the knowledge of these defendants as to the transactions between the plaintiff and Mrs. Jeffreys based on the faith of this document. There were no negotiations between these defendants personally and the plaintiffs as was the case in Bank v. Shine above quoted. Their transaction with the plaintiff was through Mrs. Jeffreys. They signed the paper and gave it to her, or to her son-in-law for her. All the communication they ever had with the plaintiff was through her, and, therefore, when she came to the plaintiff accredited by these defendants to present a proposition of guaranty, the plaintiff had a right to return its answer to them through the same agency, and defendants are chargeable with notice of what occurred thereupon between the plaintiff and Mrs. Jeffreys. The paper was designed to induce the plaintiff to sell goods to Mrs. Jeffreys on a credit of thirty days; the natural inference is that it was given to her to be by her presented to the plaintiff and obtain goods on the faith of it. She made the use of it that these defendants must have expected that she would make, and the plaintiff acted upon it as the defendants must have expected it would act. The defendants' proposition came to the plaintiff through the person whom they authorized to carry it, the answer was given by the plaintiff to that person, and the natural inference is that the answer reached the defendants through the agency of their own choice. Whether the circumstances justify the inference is a question for the trier of the facts, as was said in Rankin v. Childs; in this case the finding of the trial court is sustained by the evidence, and is conclusive on that point.

The judgment of the circuit court is affirmed.

All concur.