## J. S. ROWELL MANUFACTURING COMPANY, Appellant, v. J. ISAACS, Respondent.

### Kansas City Court of Appeals, May 16, 1910.

1. **GUARANTY: Liability Dependent on Acceptance.** Where the transaction amounts only to an offer to guarantee, the person accepting such guaranty must notify the guarantor if he desires to hold him thereon.

2. **———: ———.** A mere offer, not accepted, is not a contract. A mere mental uncommunicated acceptance is not acceptance in the eye of the law.

3. **———: ———: ———.** Where a form of guaranty of the payment of the goods sold was executed contemporaneously with the execution of the contract of purchase of the goods made by the purchaser of the goods and the seller's agent, but the contract of purchase was subject to approval by the seller for whom the agent was acting, the guaranty had to be accepted, and the guarantor notified, to create any liability on the guarantor's part.

Appeal from Carroll Circuit Court.—*Hon. Francis H. Trimble,* Judge.

AFFIRMED.

*Lozier, Morris & Atwood* for appellant.

*Jones & Conkling* for respondent.

JOHNSON, J.—This action is founded on a contract of guaranty. A jury was waived by the parties and the cause was submitted to the court. No findings of fact or declarations of law were asked by either party or given by the court. Judgment was rendered for defendant and plaintiff appealed.

Plaintiff, a manufacturer of agricultural implements at Beaver Dam, Wisconsin, entered into a written contract with J. S. Crouch, a retail dealer at Carrollton, Missouri, by the terms of which plaintiff agreed to sell and deliver to Crouch a carload of agricultural implements. The contract was signed at Kansas City, August 4, 1905, and plaintiff was represented in the transaction by James Weiser, its agent in charge of its branch office at Kansas City. Plaintiff's name was signed to the instrument by Weiser as agent and, following the signatures of the parties appears the stipulation that the contract is "subject to the approval of the J. S. Rowell Manufacturing Company." The contract is described in its caption as an "order to the J. S. Rowell Manufacturing Company, Beaver Dam, Wisconsin, from J. S. Crouch, Carrollton, Missouri." After this heading is the following "guaranty" signed by defendant: "In consideration of one dollar to me in hand paid by the J. S. Rowell Manufacturing Company, the receipt of which is hereby acknowledged, I guarantee the fulfillment of the within agreement and the payment of any and all obligations that may arise under the same on the part of J. S. Crouch." Then follows an order from Crouch addressed to plaintiff for a list of agricultural implements. The contract contains a number of conditions and agreements, the recital of which would be superfluous in the view we take of the case. The goods were delivered by plaintiff and ac-

cepted by Crouch, pursuant to the terms of the contract, and Crouch now owes plaintiff $496 on account of the contract. This suit is for the recovery of that amount from defendant as guarantor. Defendant received no notice from plaintiff of its acceptance of the contract not does the evidence show that he received knowledge of the fact that he had been accepted as guarantor or that the goods had been delivered to Crouch in reliance on the guaranty. There are many other facts in the case, but those stated suffice for present purposes.

We think defendant did not become guarantor of the performance by Crouch of the obligations imposed on him by his contract with plaintiff. The rule is well settled that "Where the transaction is admitted to amount only to an offer to guarantee, it is universally held that in order to charge the party making the offer, he must, within a reasonable time, be notified that his offer is accepted." [1 Brandt on Suretyship & Guaranty (3 Ed.), sec. 205.] Continuing, the same author says in sec. 206: "A mere offer, not accepted, is not a contract; and a mere mental acceptance of a proposition not communicated to the party to be charged is not an acceptance at all in the eye of the law. It is important to the interests of the business community that everyone should know the extent of his liabilities, in order that he may take the proper measures to meet them."

The rule is recognized and applied in the following cases: John Deere Plow Co. v. McCullough, 102 Mo. App. 461; Deering Harvester Co. v. Sulzer, 78 Mo. App. 674; Bank v. Goldstein, 86 Mo. App. 281; Taylor v. Shouse, 73 Mo. 361; Bank v. Shine, 48 Mo. 456; Sewing Machine Co. v. Richards, 115 U. S. 524.

Plaintiff invokes the rule that where one directly binds himself to be responsible for another's contract already made, of which he has knowledge when he signs, no notice of the acceptance of the guaranty is necessary (1 Brandt on Suretyship, section 212) ; and directs our

attention to the fact that the guaranty signed by defendant was incorporated in and made a part of the contract between plaintiff, the vendor, and Crouch, the vendee. But, notwithstanding the instrument contained both the contract between Crouch and plaintiff and the guaranty of defendant, and that it was signed cotemporaneously by all the signatory parties, including defendant, it required in express terms the subsequent acceptance by plaintiff to constitute it a contract either between plaintiff and Crouch or plaintiff and defendant as guarantor. Until such acceptance, it contained nothing but an offer on the part of Crouch to purchase goods—a mere unaccepted order—and an offer of defendant to guarantee performance by Crouch should his offer be accepted. In short, the instrument when signed by defendant was only a proposal on his part, to guarantee, and it required the acceptance of plaintiff to vitalize it into a binding contract. Defendant was entitled to notice of acceptance and since none was given him, and the evidence fails to disclose that he received actual knowledge that plaintiff had acted on his proposal, it must follow that he cannot be held liable as guarantor.

The judgment is affirmed. All concur.