## LINRO MEDICINE COMPANY, Appellant, v. W. T. MOON, Respondent.

### Springfield Court of Appeals, June 17, 1915.

1. **GUARANTIES: Guarantor's Knowledge of Acceptance: Notice.** Where a guarantor did not read the instrument which he signed, this fact may be considered on the question of his knowledge of acceptance of the guaranty so as to dispense with notice to him.

2. **GUARANTY: Offer of: Notice of Acceptance Necessary.** A mere proposal to guarantee a contingent liability is not binding on the guarantor unless he is notified of its acceptance.

3. ———: **Absolute: Notice of Acceptance Not Necessary.** Where a party directly binds himself to be responsible for the fulfillment of another's contract already made, notice of the acceptance of the guaranty is not necessary. The delivery of the contract and the guaranty with it is an acceptance.

4. ———: **Conditional Guaranty: Notice of Acceptance.** Where defendant signed a guaranty of performance by a third party of a contract not then in existence, the guaranty was a conditional one and not binding on the guarantor until notice of acceptance given.

Appeal from Texas County Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*John H. Sanks* for appellant.

*Barton & Impey* for respondent.

STURGIS, J.—This is an action on a contract of guaranty against W. T. Moon, the guarantor, who executed same collateral to a contract entered into by plaintiff with one John R. Parrish by which the plaintiff agreed to sell to Parrish on the terms mentioned, medicines, extracts and other articles manufactured by

it and the defendant Moon guaranteed the full payment of the same. The defense is that the defendant received no notice and had no knowledge of the acceptance by plaintiff of the guaranty. The case was tried by the court without a jury and judgment rendered for the defendant.

It will be sufficient to say that plaintiff, located at St. Louis, Missouri, manufactures and sells the class of goods mentioned to itinerant vendors or peddlers who travel through the rural districts and sell same to farmers. The contract provided for the sale of such goods to Parrish on time and for periodical reports of sales and payments for the goods sold. The guaranty reads as follows: "In consideration of the ex-ecution and delivery of the within agreement by The Linro Medicine Company, and the sale and delivery by it to the party of the second part of its medicines, extracts and other articles, as herein stipulated we, the undersigned, jointly and severally, guarantee the full and complete payment of the same at the time and place and in the manner in said agreement provided." The plaintiff proved the execution of the contract between itself and Parrish and defendant's signature to the guaranty; that it sold and delivered to Parrish under his contract various shipments of goods covering a period of near three years and amounting to $606.32; various credits thereon amounting to $426.32, and a balance unpaid of $180, the amount sued for.

The evidence of defendant shows that when he signed the guaranty in question no contract had been executed or even signed by Parrish; that Parrish was already in that business with another company and had not determined whether or not he would change and engage in this business with the plaintiff; that at the time defendant signed the guaranty it was attached to a blank form of contract, none of the blanks which covered many of the details being filled out, and not then signed by anyone. Defendant signed at the sol-

icitation of plaintiff's field agent, who it appears procured the signatures of the guarantors and then that of Parrish and then sent the same to plaintiff's home office at St. Louis, Mo., for acceptance or rejection. The contract was accepted and executed on behalf of plaintiff company by its vice-president sometime later. The plaintiff introduced no evidence on this point and nothing is shown here except defendant's evidence as to the situation of the parties and the condition of the papers when he signed and what now appears on the face of such papers.

Defendant further testified that he did not read the paper he signed and that plaintiff's field agent told him it was a recommendation of Parrish to his company and that he did not know he was signing a guaranty of payment in case Parrish engaged in selling plaintiff's goods to be purchased on time. The defendant's attorney frankly concedes in this court that as defendant could have read this instrument there is no defense on this ground, but we agree that such evidence has a bearing on the question of defendant's knowledge of plaintiff's acceptance of the guaranty so as to dispense with notice to him. Defendant's evidence also is that he had never had any talk with Parrish in relation to the contract of guaranty and knew nothing from him about this matter when he signed the paper; that he saw Parrish about a week later and Parrish then told him he did not know whether he would go to work for plaintiff or not; that he never received any notice as to his or any guaranty being accepted; that he knew Parrish was selling medicines, etc., but did not know whether he had changed companies; that the first he knew that plaintiff was trying to hold him as a guarantor was some two years later when he received certain letters to the effect that Parrish had failed to pay and plaintiff expected him to make it good.

The plaintiff contends that the trial court erred in not holding that this contract of guaranty is not an absolute and unconditional promise to pay or be responsible for the value of the goods purchased by Parrish and that in such case no notice of acceptance is necessary under the rulings made in Globe Ptg. Co. v. Bickley, 73 Mo. App. 499; Wright v. Dyer, 48 Mo. 525; Printing Co. v. Belcher, 127 Mo. App. 133, 104 S. W. 894; Davis Sewing Machine Co. v. Jones, 61 Mo. 409. In the case last mentioned, the court said: "It has been long settled in this State, that a mere proposal to guarantee a contingent liability is not binding on the guarantor, unless he is notified of its acceptance. [Cases cited.] But it is also settled that where a party *directly binds himself to be responsible* for the fulfillment of another's *contract already made,* no such notice can be necessary. In fact, the delivery of the contract and the guaranty with it, is an acceptance. . . . There was no question of notice or acceptance in this case." (Italics ours). The other cases cited are in line with this one and hold that the instruments there sued on are complete and absolute undertakings to be responsible for the value of goods or money to be paid under attached or executed contracts. In Bank v. Pillman, 176 Mo. App. 1. c. 436, 158 S. W. 433, the test is stated thus: "This being true, the question essentially turns upon a construction or interpretation of the contract between the parties, for if it appears to be an absolute undertaking on the part of the guarantor, no notice of acceptance is required, and action with reliance thereon will suffice; while if a mere offer or proposition is presented, notice of acceptance is required. Therefore, the first step toward ascertaining the liability, in this, as in every other case of a guarantor, is to determine the meaning of his contract. [See Brandt on Suretyship and Guaranty (3 Ed.) sec. 103.]" In Bank v. Stewart, 152 Mo. App.

l. c. 319, 133 S. W. 70, the court considered the effect of an instrument directed to a bank and reading: "Cash checks for Roley & Co. till next week. Will see it paid," and held that it was a direct and absolute obligation and no notice of acceptance was required; but that if such instrument read to pay the checks and defendant would "guarantee the payment of them," such, without more, would be a proposal of guaranty and require a notice of acceptance. [See Rankin & Rankin v. Childs, 9 Mo. 673.]

The present case, we think, falls within the line of cases holding that an offer of guaranty is not binding until accepted and notice of the acceptance given to the guarantor. [Deering Harvester Co. v. Sulser, 78 Mo. App. 670; Peninsular Stove Co. v. Adams Hardware Co., 93 Mo. App. 237; Rowell Mfg. Co. v. Isaacs, 144 Mo. App. 58, 128 S. W. 760; Deere Plow Co. v McCullough, 102 Mo. App. 458, 76 S. W. 716; Nelson Mfg. Co. v. Shreve, 94 Mo. App. 518, 68 S. W. 376; Rankin & Rankin v. Childs, supra; Bank v. Goldstein, 86 Mo. App. 516; Taylor v. Shouse, 73 Mo. 361.] In the case last cited the court held that the instrument sued on was not a guaranty of a contract "already entered into," as in Davis Sewing Machine Co. v. Jones, supra, but a proposal to guarantee payment of a contract yet to be made and therefore notice of acceptance was necessary. In the case first cited, Deering Harvester Co. v. Sulser, the contract, though signed by the purchaser at the time the guarantor signed, yet provided that it was not to be effective until approved by the plaintiff, and the court there said: "There was no contract, much less a guaranty of that contract, at the time defendant signed the paper now sought to be made a guaranty. The paper on which the contract was written especially withheld from it any force as a contract, or any acceptance of defendant as a guarantor, until such acceptance had been indorsed by plaintiff at Chicago, Illinois." In the instant case there was no

contract even signed by Parrish when defendant signed as guarantor and no binding contract came into existence until approved and executed by plaintiff at St. Louis, Mo., sometime later. As said in Rowell Mfg. Co. v. Isaacs, supra: ''Until such acceptance, it contained nothing but an offer on the part of Crouch (Parrish) to purchase goods—a mere unaccepted order—and an offer of defendant to guarantee performance by Crouch should his offer be accepted.''

The cases on this subject are reviewed at length in Pearsell Mfg. Co. v. Jeffreys, 183 Mo. 386, 81 S. W. 901, and Bank v. Stewart, supra, and we doubt if what we have here said has added anything to the learning on this subject or served to make clearer the somewhat shadowy distinction between the two lines of cases. We hold, however, that the court did not commit error in holding that this is a conditional and not absolute contract of guaranty and that, there being no executed contract or acceptance of the guaranty when made, a subsequent notice of acceptance was necessary and that no such notice was given.

The result is that the judgment is affirmed.

*Robertson, P. J.,* and *Farrington, J.,* concur.